## ADAMS v. BACKLUND.

### Civ. No. 58.

United States District Court
D. Nebraska, Lincoln Division.

Dec. 31, 1948.

R. S. Mockett and Mockett, Davies, Pace & Perkins, all of Lincoln, Neb., for plaintiff.

W. R. Hecht and Beynon, Greenamyre & Hecht, all of Lincoln, Neb., for defendant.

DELEHANT, District Judge.

The plaintiff has instituted this action in which he prays for judgment in the sum of six hundred dollars, being three times the amount of certain alleged overcharges exacted from the plaintiff by the defendant for the use and occupancy of a certain controlled housing accommodation, together with attorney's fees and costs. Housing and Rent Act of 1947, as amended, Title 50 U.S.C.A.Appendix, § 1881 et seq. The jurisdiction is premised on Title 50 U.S. C.A.Appendix, § 1895.

The defendant has moved to dismiss the action on two grounds; first, because the amount in controversy is less than $3,000.00 exclusive of interest and costs; secondly, for failure of the complaint to state a claim upon which relief can be granted. The motion has been presented by oral argument of counsel.

The defendant has emphasized her contention that the manifest absence of a controversy in the jurisdictional amount prescribed under Title 28 U.S.C.A. § 1332 defeats this court's jurisdiction over the case. Her counsel, recognizing that it was consistently held that the sum or value of a

matter in controversy was not essential to jurisdiction of comparable actions by tenants or purchasers under the Emergency Price Control Act of 1942, Title 50 U.S.C.A.Appendix, § 901 et seq., see especially Section 925(e); Powell v. Rhine, D.C.Pa., 71 F.Supp. 953; Strickland v. Sellers, D.C. Tex., 78 F.Supp. 274; City of Newark v. Horns, D.C.N.J., 62 F.Supp. 310; Bowles v. Franceschini, 1 Cir., 145 F.2d 510, contends that a distinction should be recognized between the two acts. The distinction is said to lie in this, that under the present statute, the nature of the recovery, beyond costs and attorney's fees, is defined as liquidated damages and jurisdiction is conferred upon "any Federal, State, or Territorial court of competent jurisdiction", whereas, under the now expired Emergency Price Control Act of 1942, the nature of the recovery was not explicitly defined, and the jurisdiction was committed to "any court of competent jurisdiction."

■ The court can perceive no real distinction on either ground. It is not explained, nor can the court understand, how the definition of the nature of the recovery as liquidated damages, necessarily minimizes the breadth of the jurisdictional grant. And, of the sentences in the two Acts severally granting to designated courts the jurisdiction to entertain the actions, it has to be observed that each of them contains the words "of competent jurisdiction" on which the defendant seems to rest her argument. In the earlier Act, they limited the words "in any court"; in the present Act, they limit the words "any Federal, State, or Territorial court". But the disparity is in verbiage, rather than in essential meaning.

The view here recalled and adhered to has precedent in the administration of the Fair Labor Standards Act, Title 29 U.S.C.A. § 216. Timony v. Todd Shipyards

Corp., D.C.N.Y., 59 F.Supp. 779; Britt v. Cole Drug Co., D.C.Mass., 39 F.Supp. 90. Nor has the statute prescribing a jurisdictional minimum amount in controversy ever been allowed to defeat the jurisdiction expressly committed to the Federal District Courts under the Copyright Act. Title 17 U.S.C.A. § 101 and Title 28 U.S.C.A. § 1338; Photo Drama Motion Picture Co. v. Social Uplift Film Corporation, D.C.N.Y., 213 F. 374; Id., 2 Cir., 220 F. 448.

■ The defendant supports her challenge to the adequacy of the complaint's statement of a claim on which relief can be granted by the argument that the plaintiff was under the necessity of pleading that the alleged overcharges were willful or the result of failure to take practicable precautions against their occurrence. But there is no virtue in that position. By the express terms of Title 50 U.S.C.A.Appendix, § 1895, a defendant who undertakes mandatorily to limit recovery against him for overcharges to the single amount of the overceiling exactions must prove that the overcharges were "neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." He must also plead that limited or partial defense. Bowles v. Wheeler, 9 Cir., 152 F.2d 34, certiorari denied 326 U.S. 775, 66 S.Ct. 265, 90 L.Ed. 468; Gardner v. Linwedel, Mo.App., 192 S.W.2d 613.

There does appear to be serious question whether the complaint adequately alleges any demand, acceptance or receipt by the defendant from the plaintiff of any excessive rentals within the period of one year immediately before the filing of the plaintiff's action. But the defendant, perhaps appropriately, signifies her desire to tender that issue by answer. The court, therefore, does not reach it in the present ruling.

The motion is being denied and overruled.