## FIELDS v. WASHINGTON.
### No. 9885.

United States Court of Appeals
Third Circuit.

Submitted March 25, 1949.

Decided April 1, 1949.

District of New Jersey against the defendant, his landlord, under Section 205 of the Housing and Rent Act of 1947[1] for treble damages for alleged overcharges of rent. The total amount claimed was $672, plus a reasonable attorney's fee and costs. The district court dismissed the complaint for want of jurisdiction and the plaintiff has appealed. We agree that the district court was without jurisdiction because the matter in controversy did not exceed the sum of $3,000, exclusive of interest and costs, and that the complaint was, therefore, properly dismissed.

The pertinent provisions of Section 205 are as follows: "Sec. 205. Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation."

It will be seen that a suit to recover treble damages under the section "may be brought in any Federal, State or Territorial Court of competent jurisdiction." The Housing and Rent Act of 1947 contains no general grant of jurisdiction to those courts similar to that contained in Section 205(c) of the Emergency Price Control Act, however.[2] It follows that the competency of a Federal district court to entertain such a suit by a tenant must be

Adrian Michaelson, of Jersey City, N. J., for appellant.

Ezra L. Nolan, of Jersey City, N. J., for appellee.

Before MARIS, O'CONNELL, and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, a tenant, brought suit in the United States District Court for the

---

[1] 50 U.S.C.A.Appendix, § 1895.

[2] 50 U.S.C.A.Appendix, § 925(c): "(c) The district courts shall have jurisdiction * * *, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act."

based upon some other statutory grant of jurisdiction over the subject matter and the parties. Here the defendant is a resident of New Jersey so that the court undoubtedly has venue jurisdiction over the parties under Section 1391 of Title 28, U.S.C.A. The question remains whether it has jurisdiction of the subject matter of the action.

Turning to chapter 85—District Courts; Jurisdiction, of Title 28 United States Code, Annotated, we find only two grants of jurisdiction which need be considered. The first is Section 1331 which confers upon the district courts original jurisdiction of civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the laws of the United States. The second is Section 1355 which gives the district courts original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery of any penalty incurred under any Act of Congress.

■ It is obvious that although the present suit arises under a law of the United States, the Housing and Rent Act of 1947, the district court was not empowered to entertain it under Section 1331 since the sum claimed by the plaintiff is far less than $3,000. Nor does Section 1355 confer jurisdiction upon the court in this case. For that section relates only to suits for a penalty. Here, however, the suit is not by a public officer to recover a sum of money which will be paid into the public treasury. If so it would doubtless be a suit for a penalty and, therefore, cognizable under that section. Porter v. Montgomery, 3 Cir., 1947, 163 F.2d 211. On the contrary, it is an action for damages brought to compensate the individual who has been injured. It is, therefore, not in any true sense of the term an action for a penalty. See Huntington v. Attrill, 1892, 146 U.S. 657, 673, 674, 13 S.Ct. 224, 36 L. Ed. 1123; Sullivan v. Associated Billposters and Distributors, 2 Cir., 1925, 6 F.2d 1000, 1008, 1009, 42 A.L.R. 503; Overnight Motor Transp. Co. v. Missel, 1942, 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682; and the discussion of the point by Judge Biggs in Porter v. Montgomery, 163 F.2d 211, at page 215.

The cases decided under Section 205 of the Emergency Price Control Act are not pertinent authority in view of the express grant of jurisdiction contained in Section 205(c) of that act which does not appear in this one. Moreover those of them that involved suits for treble damages brought by the Price Administrator or his successors are distinguishable on other grounds. For they not only involved suits for what were in law penalties, Porter v. Montgomery, supra, and which were, therefore, cognizable under Section 1355 or its predecessor, Section 24(9) of the Judicial Code of 1911, but being brought by an officer of the United States were cognizable by the district courts under Section 1345 of Title 28 U.S.C.A., or its predecessor, Section 24(1) of the Judicial Code of 1911.

The judgment of the district court will be affirmed.