### McCRAE v. JOHNSON.

No. 4332.

United States District Court
D. Maryland.

May 3, 1949.

Jack M. Fox, of Baltimore, Md., for plaintiff.

Jules Shefferman, of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The complaint in this case, by a tenant against his landlord, is based on the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. The particular section involved is to be found in 50 U.S.C.A. (War and National Defense—Appendix Supplementary Pamphlet) § 1895. The tenant claims treble damages in the amount of $429 and reasonable attorney's fees. The defendant has filed a motion to dismiss the suit on the ground that the court lacks jurisdiction because the amount in controversy does not exceed $3,000 exclusive of interest and costs. After hearing counsel and re-examining the applicable law, I have concluded that the motion to dismiss must be granted.

It is, of course, well known that federal courts are courts of limited jurisdiction; and the United States District Court has only that jurisdiction which is

expressly conferred by Act of Congress, and within the constitutional grant of power of Article 3 of the Federal Constitution. Therefore when the jurisdiction of the court is challenged it is always necessary to be able to point to some federal statute which confers the jurisdiction in the particular case. Where the suit is based on an Act of Congress, as in the instant situation, the grant of jurisdiction may be contained in the wording of the particular Act; but if not found there, then the jurisdiction does not exist unless it can be found to have been granted generally by an Act of Congress conferring jurisdiction in various classes of cases sufficiently inclusive to embrace the subject matter of the particular statute on which the cause of action is based.

Section 1895 of title 50 U.S.C.A. Appendix, authorizes a suit for damages by a tenant against a landlord who has charged and collected rental above the legally authorized amount. The measure of damages recoverable as stated in the section is "reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceeded the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: *provided,* that the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation."

▮ It will be noted that the particular statute gives jurisdiction to any federal court *"of competent jurisdiction".* The District Court of the United States is not specifically mentioned in the grant. As no other provision of the Housing and Rent Act of 1947 is relied on or has been called to my attention to support the jurisdiction, it thus becomes necessary to look at the statutes which generally confer jurisdiction on the district court.

Such statutes are now codified in the Revised Judicial Code, title 28 U.S.C.A. §§ 1331–1359. Section 1331 confers jurisdiction on the district courts in all cases arising under the Constitution, laws or treaties of the United States (which, of course, includes the instant case) but only if the amount in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, which, of course, is not the case here. Section 1332 confers jurisdiction in cases of diversity of citizenship where a like amount is in controversy. Then sections 1333 to 1359 confer jurisdiction or deal with the subject matter of jurisdiction in various specific classes of cases arising under federal laws (that is, involving a federal question so called). An examination of these latter sections will show that none of them includes or has any reasonable application to the Housing and Rent Act of 1947, with the possible exception of section 1355 which confers jurisdiction on the district courts exclusive of the State courts "of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."

▮ It will be noted that the instant suit is not brought by an officer of the government but by the tenant for his own account to collect damages which are described in the suit as "liquidated damages". It has just been decided by the Third Circuit that a suit of this nature under the 1947 Rent Act is not a suit to recover a *penalty* under section 1355, and in this view I concur. Fields v. Washington, 3 Cir., 173 F.2d 701. See also Huntington v. Attrill, 146 U.S. 657, 673-674, 13 S.Ct. 224, 36 L.Ed. 1123; Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583-584, 62 S.Ct. 1216, 86 L.Ed. 1682; Sullivan v. Associated Billposters and Distributors, 2 Cir., 6 F.2d 1000, 1008-1009, 42 A.L.R. 503; Lambros v. Brown, 184 Md. 350, 41 A.2d 78; Bowles v. Farmers National Bank, 6 Cir., 147 F.2d 425; Porter v. Warner Holding Co., 328 U.S. 395, 401-402, 66 S.Ct. 1086, 90 L.Ed. 1332; Testa v. Katt, 330 U.S. 386, 389, 67 S.Ct. 810, 91

L.Ed. 967, 172 A.L.R. 225. For a full discussion of the question see an article in 21 Journal of the National Association of Referees in Bankruptcy, p. 39 (January 1947), by Robert Stephen Oglebay. Pertinent also in this regard is that the statute under consideration (50 U.S.C.A. War Appendix, § 1895) does not give an unqualified right to treble damages, but, in addition to limiting the right to sue to the tenant, provides that the amount of the liquidated damages shall be limited to the amount of the overcharge if the landlord proves that such overcharge was neither wilful nor the result of the failure to take practicable precautions against the occurrence of the violation.

In the Third Circuit in the case just referred to, Fields v. Washington, in a clearly expressed opinion by Circuit Judge Maris, it was held, in affirming the New Jersey District Court, that the latter court did not have jurisdiction to entertain a suit under the 1947 Act as the amount in controversy was less than $3,000. The only other judicial decision that I have noted precisely on this point of jurisdiction under the 1947 Act is Adams v. Backlund, D.C.Neb., 81 F.Supp. 643, which, however, upheld the jurisdiction.[1] I conclude I should follow the only appellate decision on this point.

It may seem somewhat surprising that the 1947 Act does not give jurisdiction of suits by tenants against landlords unless the amount in controversy exceeds $3,000, in view of the well known fact that many such suits, irrespective of the amount involved, were instituted and adjudicated by the district courts and their jurisdiction upheld in many cases heretofore arising under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. For instance, see Powell v. Rhine, D.C., 71 F.Supp. 953; Strickland v. Sellers, D.C., 78 F.Supp. 274. The reason for the difference as to the jurisdiction under the 1942 and 1947 Acts respectively is to

be found in the wording of the respective Acts conferring jurisdiction. This is clearly pointed out by Judge Maris in Fields v. Washington, supra. The 1942 Act with amendments prior to 1947, sec. 205(e), 50 U.S.C.A. War Appendix, § 925(e), provided that—

"Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of *competent jurisdiction*." (Italics supplied)

It will be noted that this phraseology is practically the same as that contained in the 1947 Act; but it is importantly to be noted that in addition to this phraseology in section 925(e) it was provided in sec. 925(c) that—

"The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act [s. 904 of this App.], and, *concurrently* with State and Territorial courts, of all other proceedings under section 205 of this Act [this section]." (Italics supplied)

Thus it will be seen that by the 1942 Act jurisdiction was particularly and specifically conferred upon the district courts without any mention of or requirement as to the amount in controversy. But I fail to find any similar grant of jurisdiction to district courts in the 1947 Act. Certainly counsel have not been able to point to any.

The result in this case with respect to jurisdiction may also at first seem surprising when it is recalled that the jurisdiction of the district courts has been heretofore upheld in very many cases of suits by employees against employers based on the Fair Labor Standards Act of 1938 which provides, in section 16, 29 U.S.C.A. § 216, that actions by employees to recover for unpaid minimum wages or overtime compensation (and an additional equal amount as liquidated damages) "may be maintained in any court of *competent jurisdiction*". Here again the wording of

---

[1] In a number of other cases the question of jurisdiction under the 1947 Act has been involved indirectly and in some few has been exercised without apparent question or discussion. See Sampson v. Thomas, D.C.Mich., 76 F.Supp. 691; Berry v. Heller, D.C.Pa., 79 F.Supp. 476; Fox v. 34 Hillside Realty Corp., D.C.N.Y., 79 F.Supp. 832; Poirier v. Desillier, D.C.Mass., 75 F.Supp. 402; Luftman v. Ross, D.C.N.Y., 75 F.Supp. 627; Adler v. Northern Hotel Co., D.C. Ill., 80 F.Supp. 776; West v. Winston, D.C.Pa., 8 F.R.D. 311.

the grant of jurisdiction is quite similar to that of the 1947 Act and would not of itself seem to establish jurisdiction irrespective of the amount involved. But the answer is that the Fair Labor Standards Act is based on the interstate commerce power of Congress and therefore suits under it fall within the provisions of section 1337 of title 28 (formerly 28 U.S.C.A. § 41(8) which provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies". Williams v. Jacksonville Terminal Co., 315 U.S. 386, 390, 62 S.Ct. 659, 86 L.Ed. 914.

I have been unable to find any legislative history commenting on the change in phraseology in the grant of jurisdiction in the 1947 Act as compared with the prior Act of 1942. This may also seem somewhat surprising in view of the large number of cases which have been brought in the district courts under the 1942 Act with its amendments. But I do note that in submitting the later 1949 Housing and Rent Act the report of the Committee briefly, and apparently inadvertently, referred to the subject of jurisdiction of the federal courts as *concurrent* with that of the State courts.[2] That is to say, the draftsman of the report would seem to have had the impression that the grant of jurisdiction in the 1947 Act was similar to that in the 1942 Act. But this would appear to have been an inadvertent mistake. We must, of course, deal with the Act as enacted. It is also to be remembered that until 1947 the 1942 Act remained in existence with only amendments as to particular sections, while the 1947 Act became an entirely new enactment, which in turn has been amended as to certain sections in 1948 and again in 1949, but without change in the phraseology of the wording granting jurisdiction to the courts.

For these reasons I conclude that the result is that the 1947 Act does not confer jurisdiction on the federal district courts unless the amount in controversy exceeds $3,000, and as it does not exceed this sum in the instant case, the motion to dismiss for want of jurisdiction must be and is hereby granted.

---

2 Senate Report No. 127, 1st Sess. 80th Cong. U. S. C. Congressional Service, 1949, p. 351.