**ADLER et al. v. NORTHERN HOTEL CO. et al.**

No. 9822.

United States Court of Appeals, Seventh Circuit.

June 21, 1949.

MINTON, Circuit Judge, dissenting.

Albert E. Jenner, Jr., Edward H. Hatton, Chicago, Illinois, for appellants.

Kenneth J. Marks, Robert Marks, Chicago, Illinois, for appellees.

Before KERNER, MINTON, and DUFFY, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal by defendants from a judgment in favor of plaintiffs in an action under § 205 of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1895, for treble damages for alleged overcharges of rent. In this court, defendants have made a motion that the cause be remanded to the District Court with instructions to vacate the judgment and dismiss the complaint on the ground that the District Court was without jurisdiction because the claim of each plaintiff was less than $3,000.

The motion involves interpretation of the Act in its entirety, and in addition, a consideration of the provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq.

Section 205 of the Housing and Rent Act of 1947, as amended, provides that a tenant may bring an action for alleged overcharges and recover a maximum of three times the amount of the overcharges (or a minimum amount equal to the actual overcharges), or $50, whichever may be the greater, and that "Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation."

The identical words "competent jurisdiction" were used in the Emergency Price Control Act, supra, and that phrase in that statute has not been construed as a restriction upon federal jurisdiction. On the contrary, federal courts have tried damage claims without regard to the amount involved. This the defendants concede, but they say that federal courts are competent to try such actions, not by § 205(e) of that Act which provides that such action may be brought "in any court of competent jurisdiction" but by virtue of § 205(c) which provides that "The district courts shall have jurisdiction * * * concurrently with State and Territorial courts, of all other proceedings * * *." But § 205(c) has to be read with § 205(e), and when so read, as to jurisdiction, they produce language in effect identical with § 205 of the Housing and Rent Act.

Defendants call attention to the case of Fields v. Washington, 3 Cir., 173 F.2d 701, and make the point that a federal court in order to be competent within the meaning of the Housing and Rent Act, supra, must find its jurisdiction under some provision of law existing at the time of the enactment of § 205 as part of the Act; they claim that the Act contains no general grant of jurisdiction, and argue that § 205 means any federal court authorized by a pre-existing jurisdictional grant to hear and determine a particular case, requiring as one of its conditions an amount in controversy in excess of $3,000. It does not appear that the court in Fields v. Washington, supra, considered § 205(e) of the Emergency Price Control Act, or that it was called to its attention.

Congress has the power to authorize a suit arising under a federal law to be brought in any inferior court, Robertson v. Railroad Labor Board, 268 U.S. 619, 622, 45 S.Ct. 621, 69 L.Ed. 1119. The question is whether it did so by passage of the Act here involved. The sole object of construction is to determine the legislative intent. In considering the problem, it is well to bear in mind that the Housing and Rent Act of 1947, as amended, is emergency legislation. This appears by § 201(b) of the Act where it is stated:

" * * * the Congress recognizes that an emergency exists and that, for the prevention of inflation and for the achievement of a reasonable stability in the general level of rents during the transition period, as well as the attainment of other salutary objectives of the above-named Act, it is necessary for a limited time to impose certain restrictions upon rents charged for rental housing accommodations in defense-rental areas."

Thus Congress created the treble damage remedy as a means of statutory enforcement. The Act creating this remedy is highly remedial, and the plain purpose of § 205 authorizing recovery of three times

the amount of an overcharge was to enlist the help of tenants by soliciting their aid in filing suits against overcharging landlords. A remedial statute should be liberally construed to effect the purpose of Congress and to give a remedy in all cases intended to be covered. Miller v. Robertson, 266 U.S. 243, 248, 45 S.Ct. 73, 69 L. Ed. 265. Hence, the language used in § 205 ought to be so construed as to permit the greatest freedom for the filing of such suits.

■ In construing the language of § 205, we commence with the rule that the courts are not at liberty to construe any statute so as to deny effect to any part of its language. "It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word. * * * Another rule equally recognized is that every part of a statute must be construed in connection with the whole, so as to make all the parts harmonize, if possible, and give meaning to each." Market Co. v. Hoffman, 101 U.S. 112, 115, 116, 25 L.Ed. 782, and Ex parte Public Nat. Bank, 278 U.S. 101, 104, 49 S.Ct. 43, 73 L. Ed. 202. That is to say, every word used is presumed to have meaning and purpose, for Congress is not to be thought by the courts to have used language idly.

■ As already noted, § 205 provides that suit to recover such amount ($50 or three times the amount of the overcharge) may be brought in any federal court of competent jurisdiction. The terms "such amount," "federal," and "competent jurisdiction," we have been told, cannot be removed from the context but must be read as part of the entire section and construed so as to give effect to the intent of Congress, Cf. United States v. American Trucking Associations, 310 U.S. 534, 542, 60 S.Ct. 1059, 84 L.Ed. 1345, and that in deciphering that intent we must construe the details of an Act in conformity with its dominating general purpose so as to carry out the expressed legislative policy. Securities and Exchange Commission v. C. M. Joiner Leasing Corp., 320 U.S. 344, 350, 64 S.Ct. 120, 88 L.Ed. 88.

■ When the purposes of Congress are considered and the well known principles of the rules already mentioned are applied, there can be no doubt that the Housing and Rent Act, supra, does contain a grant of general jurisdiction to the federal courts. See Adams v. Backlund, D.C., 81 F.Supp. 643. To hold otherwise we would have to ignore § 205, especially the phrase such amount. This we may not do. Market Co. v. Hoffman, supra, and Ex parte Public Nat. Bank, supra.

In view of the foregoing, the motion is denied.

DUFFY, Circuit Judge (concurring).

I concur in the opinion of Judge Kerner and agree, for the reasons therein stated, that the Housing and Rent Act of 1947 contains a grant of general jurisdiction to the federal courts. However, additional reasons for this conclusion are to me very persuasive.

The provisions of the Emergency Price Control Act of 1942 gave an overcharged tenant the right to sue his landlord for treble damages. The resulting lawsuits were a valuable aid to enforcement of rent control. Congress continued such right of action in the Stabilization Act of 1942, the Stabilization Act of 1944, and in the Price Control Extension Act of 1946, which was effective to June 30, 1947. During this period the overcharged tenant had a choice of forums. In many areas where State court calendars were congested, the federal district courts were selected as the forum because such suits could be tried there without undue delay; in other areas State courts were reluctant to take on the burden of these actions involving small amounts and based upon federally created rights. We must assume that Congress knew that a great many of such tenant cases, without any limitation on the amount involved, had been commenced in the district courts throughout the country.

On the oral argument before this court counsel for defendants admitted that tenant suits for treble damages exceeding $3,000 have been and will be few and far between. There can be no dispute on that proposition, thus admitted. The one-year limitation in the act would keep the amount involved under the $3,000 figure in all but the most exceptional case.

The legislative history of the 1947 act is barren of any suggestion Congress intended for the first time to limit the jurisdiction of the federal courts in such tenant suits. The elimination of Sec. 205(c) in the 1947 act, while retaining the language, "suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction," does not show an intention to close the doors of the federal courts to practically all tenant damage suits. To adopt defendant's construction would mean that although Congress gave express permission to bring such tenant actions in the federal courts, no such right exists as a practical matter.

The passage of the Housing and Rent Act of 1947 was a matter of great public concern. Much publicity was given in the press to the subject of continuing rent control. Members of Congress were keenly aware of this public interest. Yet neither in committee reports nor in speeches by members of Congress was the slightest intimation given that, to all intents and purposes, actions by overcharged tenants were henceforth to be barred from the federal courts.

But defendants insist that the grant of general jurisdiction to the federal courts was provided in Sec. 205(c) of the 1942 Act, and that when that section in part was eliminated in the 1947 Act the law contained no such grant of jurisdiction. This argument is not sound. Sec. 205(c) was contained in the original bill as it passed the House of Representatives in 1941, at which time the bill contained only injunctive and criminal remedies. As all federal district courts already had jurisdiction, under the Judicial Code, to enforce such remedies, Sec. 205(c) could not have been inserted for the purpose merely of granting federal jurisdiction. Rather it was intended to distinguish the jurisdiction of criminal cases, which was exclusively federal, from the jurisdiction of civil cases, which was concurrently State and federal. When the criminal sanctions were eliminated in the 1947 Act, it might have well appeared to Congress that no necessity to retain Sec. 205(c) in its previous form remained, in view of the language authorizing that tenant damage suits could be brought in any federal, State or territorial court of competent jurisdiction.

It is interesting to note that in Sec. 206 (b) of the 1947 Act, authorizing injunction suits by the Housing Expediter, almost the same phraseology[1] was used, even though all federal district courts were competent to hear such actions. It is apparent that the words, "competent jurisdiction," did not limit the jurisdiction of the federal district courts in such actions.

Defendant insists upon a strict grammatical construction of the language used. But courts should not make a fortress out of the dictionary by a strict and literal interpretation which will defeat the dominating general purpose of the legislation. Markham v. Cabell, 326 U.S. 404, 409, 66 S.Ct. 193, 90 L.Ed. 165. "The meaning to be ascribed to an Act of Congress can only be derived from a considered weighing of every relevant aid to construction." United States v. Dickerson, 310 U.S. 554, 562, 60 S.Ct. 1034, 1038, 84 L.Ed. 1356.

I agree that defendants' motion should be denied.

MINTON, Circuit Judge (dissenting).

I am sorry that I cannot agree with the majority in this case. I have no quarrel with the general rules of statutory construction cited by the majority. It is because it seems to me the majority is not giving effect to "every word" of the statute but seeks to ignore and treat as surplusage the very important limiting words "competent jurisdiction" employed in the statute that I believe the wrong result has been reached.

The statute is plain and unambiguous, and the words eliminated by the majority are purposeful and full of meaning. As I understand it, it is not the business of courts to seek conflicts or ambiguities in statutes in order that we may rewrite a statute to our liking. It is our business to apply the statute as written if that may be done without defeating the clearly ex-

---

[1] " * * * he may make application to any Federal, State, or Territorial court of competent jurisdiction * * * "

pressed purposes of Congress contained in a perfectly unambiguous statute.

The pertinent part of the statute in question, hereafter referred to as the 1947 Act, reads: "Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction * * *." 61 Stat. 193, 199, June 30, 1947, 50 U.S.C.A.Appendix, § 1895. This statute is admitted to be unambiguous and as written "competent jurisdiction" modifies "Federal." Therefore, the plain meaning of this statute is that to have jurisdiction the Federal court must be one of "competent jurisdiction." What is a Federal court of competent jurisdiction? Admittedly, Congress could give jurisdiction to Federal courts in cases arising under the laws of the United States for suits to recover in any amount. It did so when it defined the original jurisdiction of the District Courts. 28 U.S.C. § 41 [now § 1331 et seq.]. It did so when it originally established rent controls in the Emergency Price Control Act of 1942, 56 Stat. 23, 33, as amended, 50 U.S.C.A.Appendix § 925, hereafter referred to as the original Act.

In Sec. 205(c) of the original Act it was provided: "The district courts shall have jurisdiction of criminal proceedings for violation of section 4 of this Act, and, concurrently with State and Territorial courts, of *all* other proceedings under section 205 of this Act." (Italics supplied.) Subsection (e) of this Sec. 205, which deals with the right of recovery for overcharges, provides: "Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction." A court of competent jurisdiction under this statute, as far as Federal courts are concerned, is a District Court mentioned in subsection (c), since such a court has jurisdiction of *all* other proceedings under Sec. 205 which provides for recovery of damages, including recoveries of small amounts. The amount was not material because under the original Act the Administrator, who was an officer of the United States authorized to sue, could sue along with individuals. The Expediter, who succeeded the Administrator under the 1947 Act, may not sue for damages under the 1947 Act. The amount involved may well become important under the 1947 Act, since only a private person may sue for damages thereunder.

The majority opinion states that when Sec. 205(c) and (e) of the original Act are read together, "they produce language in effect identical with § 205 of the Housing and Rent Act." (The latter the 1947 Act here under consideration.) That the District Court was a court of competent jurisdiction under the original Act, regardless of amount, is because Congress clearly said so when in subsection 205(c) it gave the District Courts jurisdiction in *all* controversies under Sec. 205. To repeat, it reads as follows: "The district courts shall have jurisdiction * * * concurrently with State and Territorial courts, of *all* other proceedings under section 205 of this Act." This and Sec. 205(e) are the provisions of the original Act which the majority says we must consider in determining what the 1947 Act means, and on the basis of which it concluded that the two mean just the same thing.

I submit they do not mean the same thing. The 1947 Act reads, as far as material, as follows:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable *to the person* from whom he demands, accepts, or receives such payment * * *. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction * * *." 61 Stat. 199, June 30, 1947, 50 U.S.C.A.Appendix § 1895. (Italics supplied).

In the first place, the Expediter cannot sue for damages, as the Administrator could under the original Act. The Administrator, being an officer of the United States authorized to sue, could sue in the District Courts irrespective of amount, even under 28 U.S.C. § 41. He was authorized, as were private persons, to sue in the District Courts without regard to amount, because Congress had said that the District Courts should have jurisdiction of *all* proceedings under Sec. 205, irrespective of amount. The 1947 Act refers only to private persons and does not confer jurisdiction as to *all* controversies, but provides: "Suit to re-

cover such amount (whatever it may be) may be brought in any Federal * * * court of competent jurisdiction." Since only private persons may sue, a Federal court of competent jurisdiction as to them is defined by 28 U.S.C. § 41, which provides a $3,000 minimum. Jurisdiction is not granted by the 1947 Act over "*all* controversies," irrespective of amount, as in the original Act. A Federal court of competent jurisdiction here means a District Court whose competency to hear small claims is not granted by the 1947 Act. Since the court's jurisdiction to hear small claims is not expressly given as in the original Act, we must look elsewhere; and elsewhere, I submit, it cannot be found.

It was also argued that since Sec. 206(b) of the 1947 Act, 61 Stat. 199, 50 U.S.C.A. Appendix § 1896(b), authorized the Expediter to apply for injunctions for violations of the Act "* * * to any Federal, State or Territorial court of competent jurisdiction" and that since all Federal courts are courts of competent jurisdiction to grant injunctions, we can just ignore the modifying words "of competent jurisdiction." Therefore, when we consider the language in Sec. 205 of the 1947 Act, which is the same as the language in Sec. 206(b), it is argued, we must put the same construction on Sec. 205 and ignore the words "of competent jurisdiction" in Sec. 205 as applied to Federal courts. I submit the major premise is false. All Federal courts are not courts of "competent jurisdiction" to grant injunctions. I venture to suggest that neither this Court, nor the Court of Claims, both of which are Federal courts, could grant such an injunction. Therefore, the words "of competent jurisdiction" have a significant use in Sec. 205 and Sec. 206 (b). Under Sec. 206(b), a court of competent jurisdiction is a District Court. No limitation of the jurisdiction because of the amount is involved because action for injunction, not damages, is provided for therein. Under Sec. 205 a court of competent jurisdiction, where the action is brought by a private person for damages, means a District Court where the amount in controversy is in excess of $3,000. Such a construction gives effect to all the unambiguous words used by Congress.

The words "competent jurisdiction" were used advisedly. Otherwise, the jurisdiction of this Court and of other Federal courts might have been mooted. Congress dealt with jurisdiction in the 1947 Act in a completely different way than the manner in which it dealt therewith in the original Act. Then too, Congress might very properly have intended to keep the District Courts within their traditional bounds and to relieve them from acting as justice of peace courts.

The exact question here presented was decided just oppositely by the Third Circuit in an opinion by Judge Maris, Chief Judge of the United States Emergency Court of Appeals, in Fields v. Washington, 173 F.2d 701. I cannot dispose of this carefully reasoned opinion as cavalierly as the majority. I think that Judge Maris, an expert on this type of law, was fully cognizant of Sec. 205(e) and all the other sections of the original Act as well as of the 1947 Act.

I would therefore hold that the District Court has no jurisdiction and reverse the judgment.