**TEMMERMAN et al. v. SCAFIDI.**

**No. 29194.**

United States District Court
N. D. California, S. D.

Jan. 31, 1950.

528

W. N. Pinney, Jr., San Francisco, Cal., M. M. Smith, San Francisco, Cal., attorneys for plaintiffs.

Christin, Keegan & Carroll, San Francisco, Cal., attorneys for defendant.

GOODMAN, District Judge.

Upon submission of the cause, the defendant moved to dismiss this tenant's action to recover treble damages of $960 for rent overcharges on the ground that the Court lacks jurisdiction to entertain it. It is defendant's contention that the federal District Courts have been accorded no jurisdiction to hear tenants' actions under the Federal Rent Control Statutes of 1947 and 1949, except when the amount in controversy exceeds $3000 as provided in 28 U.S.C.A. § 1331.[1]

It must be conceded that the defendant is correct, unless a grant of jurisdiction can be found in the rent control statutes themselves. Whether or not either the Housing and Rent Act of 1947, 61 Stat. 193, 196, 50 U.S.C.A.Appendix §§ 1881–1902, or 1949, 1949 U.S.Code Cong. Service, p. 21, 50 U.S.C.A.Appendix, § 1884 et seq., confers jurisdiction in the District Courts to entertain tenants' actions for treble damages, irrespective of the amount sought, is the issue that must be resolved. The few courts, which already have considered this question, have answered both in the affirmative [2] and the negative.[3]

The 1947 Act says nothing of the court in which the tenant shall sue to recover treble damages except that: "Suit to recover such amount may be brought in any Federal, State, or Territorial court *of competent jurisdiction* within one year after the date of such violation." Section 205. Emphasis added. The Emergency Price Control Act of 1942, 56 Stat. 33, 50 U.S.C.A.Appendix, §§ 901–946, contained a similar provision. Section 205(c). It was consistently held that the 1942 Act gave the federal District Courts jurisdiction of tenants' suits for treble damages regardless of the amount of damages sought. But, that Act contained an additional provision not found in the 1947 Act. Section 205(c) of the 1942 Act stated that "The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act." Here was the provision making federal District Courts *competent* to hear tenants' actions for damages of less than $3,000.

1. No opinion for publication.

1. "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States." 28 U.S.C.A. § 1331.

2. Adler v. Northern Hotel Co., 7 Cir., 1949, 175 F.2d 619; Albright v. Nelson, D.C. Minn.1949, 87 F.Supp. 737 and cases cited therein; Adams v. Backlund, D.C. Neb.1948, 81 F.Supp. 643; cf. United States v. Bize, D.C.Neb.1949, 86 F.Supp. 939.

3. Fields v. Washington, 3 Cir., 1949, 173 F.2d 701 (opinion by Judge Maris of the Emergency Court of Appeals); Mr. Justice Minton, dissenting in Adler v. Northern Hotel Co., 7 Cir., 1949, 175 F.2d 619, 622; McCrae v. Johnson, D.C.Md.1949, 84 F.Supp. 220; Kuffel v. Pfeiffer,[1] D.C. N.D., Civil No. 1833, decided September 21, 1949.

The courts, which have upheld the District Courts' jurisdiction to entertain such actions under the 1947 Act, have suggested several reasons why the Congress may have intended to renew in the 1947 Act the jurisdictional grant of the 1942 Act. But, the fact remains, as convincingly demonstrated in the opinions contra, that the Congress did *not* renew the grant.

The 1949 Act did not add to the 1947 statute any provision relating to the jurisdiction of federal District Courts to entertain tenants' suits. A clause similar to that contained in the 1942 Act, giving the District Courts concurrent jurisdiction with State and Territorial courts of all actions arising under the Act, was included in House bill 1731, 81st Congress, 1st Session, which ultimately became the Housing and Rent Act of 1949. But this clause was deleted from the amended bill as referred back to the House by the Committee on Banking and Currency, and as subsequently adopted.

Since the Congress has not granted this Court jurisdiction of tenants' suits under the Housing and Rent Acts of 1947 and 1949 for damages of less than $3,000, the defendant's motion to dismiss should be granted. Tenants are not without either right or remedy. Their claims, when under $3,000, may be litigated in appropriate state courts. The Congress merely decided not to burden Federal Courts with litigation involving lesser sums. Motion to dismiss granted.