## BURNS v. BISHOP.

Civ. No. 870.

United States District Court
W. D. Arkansas, Fort Smith Division.

Feb. 6, 1950.

Edgar E. Bethell, of Bland, Kincannon & Bethell, Fort Smith, Arkansas, for plaintiff.

Grant & Rose, Fort Smith, Arkansas, for defendant.

JOHN E. MILLER, District Judge.

This is a suit by the plaintiff, a tenant, to recover treble the amount of certain alleged overcharges received by the defendant, a landlord, brought under Section 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1895. The amount prayed for as liquidated damages is $270.00.

By amendment to the answer, defendant alleges that the court is without jurisdiction.

Jurisdiction of the United States District Courts is, of course, limited, and a District Court may hear and determine only those claims that fall within the scope of that jurisdiction as defined by the Congress. There must be a specific grant to

cover every claim. McCrae v. Johnson, D.C.Md., 84 F.Supp. 220.

Referring then to the applicable expressions of the Congress pertaining to the question presented here, the court finds the following:

■ In Sec. 1895 of Title 50 U.S.C.A. Appendix, relied upon by plaintiff as conferring jurisdiction in this case, the Congress provided that suits to enforce claims granted by that section might be brought "in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation." If this amounts to a grant of jurisdiction to hear and determine all claims arising by virtue of this section, it is not necessary to search further. If, however, "court of competent jurisdiction" means that such claims may be entertained only when the jurisdictional grant is found elsewhere, it becomes necessary to continue the search. Turning to Title 28 U.S.C.A. Chapter 85, District Courts: Jurisdiction, Section 1331 appears to be the only one applicable. That section grants jurisdiction in all actions arising under the Constitution, laws or treaties of the United States wherein the matter in controversy exceeds the sum or value of $3,000.00. As only $270.00 is prayed for in the instant case, it is readily apparent that Section 1331 does not confer jurisdiction. The applicability of Section 1355, pertaining to penalties, has been urged in other cases, but to no avail, and this court concurs in that conclusion. See: Fields v. Washington, 3 Cir., 173 F.2d 701, 703.

■ Therefore, there is no basis for jurisdiction in this case unless it be held that Section 1895 of Title 50 U.S.C.A. Appendix, contains a general grant of jurisdiction to hear and determine all claims arising under that section, regardless of the amount in controversy.

The identical question presented here has been considered by the Courts of Appeals of the 3rd and 7th Circuits. In the former, the court decided, Fields v. Washington, supra, against jurisdiction, reasoning that Section 1895 did not amount to a general grant of jurisdiction. It distinguished cases arising under Section 205(c) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(c), on the ground that the language employed by the Congress therein, "The district courts shall have jurisdiction * * *, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act", was a general grant of jurisdiction.

The 7th Circuit, by a divided court, reached a contrary result. Adler et al. v. Northern Hotel Co. et al., 7 Cir., 175 F.2d 619. In the opinion written by Judge Kerner, it was pointed out that Section 205(e) of the Emergency Price Control Act did contain the identical words "competent jurisdiction", and under the liberal construction to be accorded this highly remedial Act, the language of Section 1895 should be held to be a general grant of jurisdiction in order that the congressional intent and purpose be effectuated and a remedy given in all cases intended to be covered. Emphasis was given to the exact language of Section 1895, that suits "to recover such amount" obviously refers back to the preceding provisions, it being noted that "such amount" might be as little as $50.00. In a concurring opinion, Judge Duffy emphasized the practical aspects of the problem, pointing out that only rarely would more than $3,000.00 be involved in such suits. Judge Minton dissented and would follow the 3rd Circuit decision of Fields v. Washington, supra. He reasoned that although Section 205(e) of the Emergency Price Control Act contained the language "court of competent jurisdiction", Section 205(e) was of necessity to be read in the light of Section 205(c) which conferred jurisdiction upon the district courts to hear and determine all proceedings under the section. In other words, under the Emergency Price Control Act a District Court was a court of competent jurisdiction by virtue of the specific grant of jurisdiction contained in a preceding section, 205(c). Not so in the Housing and Rent Act of 1947, Section 205, wherein no such general grant of jurisdiction appears.

The court has read and considered the decisions of various District Courts on the question. Among such are the following:

Morozin v. Hausmaninger, D.C.E.D.Pa., 85 F.Supp. 57 (holding against jurisdiction); Hershenrader v. Campbell et al., D.C.W.D. Ky., 85 F.Supp. 75 (holding against jurisdiction); Ramseyer v. Contestabile, D.C. E.D.Pa., 86 F.Supp. 104 (holding against jurisdiction); McCrae v. Johnson, D.C. Md., 84 F.Supp. 220 (holding against jurisdiction); and Adams v. Backlund, D.C. Neb., 81 F.Supp. 643 (holding in favor of jurisdiction).

Realizing that the question is still open in the 8th Circuit, since our Court of Appeals has not passed upon the question, the court believes that the view denying jurisdiction when the amount in controversy does not exceed $3,000.00 is the better reasoned one, and therefore, feels constrained to so conclude. When the congressional language "court of competent jurisdiction" is given its usual and ordinary meaning, in the light of the governing principle that the jurisdiction of United States District Courts is limited, the court is of the opinion that this language does not amount to a general grant of jurisdiction.

In short, this court is not a court of competent jurisdiction to hear and determine the present claim, involving only $270.00, and an order should be entered dismissing the complaint of plaintiff for want of jurisdiction.