### ARAM v. HAZELWOOD APARTMENTS CO.

Civ. A. No. 8226.

United States District Court
E. D. Michigan, S. D.
March 31, 1950.

John P. O'Hara, Jr., Detroit, Mich., for the plaintiff.

Carl B. Grawn, Detroit, Mich., for the defendant.

THORNTON, District Judge.

Plaintiff brings an action in this Court wherein he alleges that, as a condition to the rental of an apartment in a building operated by the defendant, he was compelled by the defendant, through its officers and agents, to completely repaint the premises, and also sand and refinish the floors, and to pay the cost of this work, the aforesaid arrangement being covered by an agreement between the plaintiff and the defendant with the additional stipulation that the said work would be done by commercial firms approved by the defendant and its officers and agents; that the work was done according to the provisions of this agreement at a total expense to the plaintiff in the amount of $175. That according to the registration of said apartment in the files of the Office of the Housing Expeditor the painting, decorating and interior repairing of the said apartment were services that were to be provided to the plaintiff by defendant. That because the plaintiff was obliged to pay for the aforesaid services as an incident to the rental of said apartment, he claims damages under the provisions of Section 205 of the Housing and Rent Act of 1947, 61 Stat. 199, 50 U.S. C.A. Appendix, § 1895, as amended by the Housing and Rent Act of 1949, and asks for judgment against the defendant in the sum of $570 plus reasonable attorney's fees and costs.

The defendant moves the Court to strike and dismiss the action against it for the reason that the Court lacks jurisdiction over its person and the subject matter at issue; because there is no diversity of citizenship between it and the plaintiff; because the amount in controversy is less than $3000, and because this suit is not an action to recover a penalty.

The Emergency Price Control Act of 1942 has been interpreted to confer jurisdiction upon district courts regardless of the amount in controversy by the express language of 50 U.S.C.A. Appendix, § 925 (c): "The district courts shall have jurisdiction of criminal proceedings for viola-

tion of section 4 of this Act * * * and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act."

It has been held that the provisions of the foregoing section spell out a specific grant of jurisdiction to the district courts of the United States without regard to the amount involved in the controversy. Fields v. Washington 3 Cir., 173 F.2d 701. The nature of an action under this section of the Emergency Price Control Act of 1942 has been held to be for the recovery of a penalty. Bowles v. Farmers Nat. Bank of Lebanon, Ky., 6 Cir., 147 F.2d 425. The district courts, therefore, had jurisdiction irrespective of whether or not such provisions, above quoted, are construed to spell out a specific grant of jurisdiction. 28 U.S. C.A. § 41(9), now 28 U.S.C.A. § 1355.

The Housing and Rent Act of 1947 omits the above quoted provisions of section 205 (c), and in place thereof is found the following: "Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction."

In Adler et al. v. Northern Hotel Company et al., 7 Cir., 175 F.2d 619, 622, Judge Duffy, in his concurring opinion sustaining jurisdiction, surmises in part as follows:

"The legislative history of the 1947 act is barren of any suggestion Congress intended for the first time to limit the jurisdiction of the federal courts in such tenant suits. The elimination of Sec. 205(c) in the 1947 act, while retaining the language, 'suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction,' does not show an intention to close the doors of federal courts to practically all tenant damage suits. To adopt defendant's construction would mean that although Congress gave express permission to bring such tenant actions in the federal courts, no such right exists as a practical matter."

"The passage of the Housing and Rent Act of 1947 was a matter of great public concern. Much publicity was given in the press to the subject of continuing rent control. Members of Congress were keenly aware of this public interest. Yet neither in committee reports nor in speeches by members of Congress was the slightest intimation given that, to all intents and purposes, actions by overcharged tenants were henceforth to be barred from the federal courts."

Since the passage of the 1947 Housing and Rent Act and the opposing conclusions reached by the Court of Appeals of the Third Circuit in the Fields v. Washington case, supra, and the Court of Appeals for the Seventh Circuit in the Adler v. Northern Hotel case, supra, conjecture has been more or less rampant by the Courts that have had this matter under consideration as to what the intent of Congress was when it directed that "suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction."

Since conjecture seems to be in order as to this intent, is it too improbable to believe that after five years of rent control Congress reached the conclusion that the relationship of landlord and tenant established a fertile breeding ground for controversies within the purview of the Act, and that before these controversies should burden the federal courts by way of litigation, the tenant, if he desired to avail himself of a hearing in the district courts of the United States and the amount involved in his controversy was less than $3000, should submit his controversy for processing to the office of the Housing Expediter, wherein the parties to the controversy would have the matter considered by an impartial umpire with the ever present possibility of adjustment without the necessity of court action and without requiring the tenant to incur legal expense.

Congress, by virtue of the 1947 Act, is not denying the aggrieved tenant his day in federal court, no matter how small the amount of his claim. It has simply made available to the tenant the services of a competent arbitrator with the history of the premises under discussion at his finger tips and, if arbitration fails, then Congress has still made available to the tenant a day of trial in the district court of the United States in conjunction with the services of the Legal Division of the Office of Housing Expediter in the person of competent coun-

sel with the records of the transaction at his finger- tips without the necessity of motions ·for discovery and production proceedings and the delay attendant therewith. What more direct approach could Congress inaugurate for the expeditious handling of emergency legislation. As previously stated this is pure conjecture on my part; however, the fact that the great majority of cases under the 1947 act have been processed by the Housing Expediter in behalf of the tenants at least lends some weight to this view.

To the tenant who does not desire to avail himself of the foregoing advantages, there remains the privilege of adapting his litigation to the jurisdictional requirements of a proper legal tribunal, whether it be Federal, State or Territorial, and in this function his status is similar to that of any other private litigant.

■ I agree with Judge Duffy that the passage of the Housing and Rent Act of 1947 was a matter of great public concern, and that the members of Congress were keenly aware of this public interest, so it is to be presumed that Congress was equally aware of the possibility of litigation under the 1947 Act, and if it had intended that this type of action could be brought by a tenant in the district courts of the United States, regardless of the amount in controversy, then Congress could have so indicated; and the absence of a general grant of jurisdiction, in my opinion, divests this Court of jurisdiction in this action.

On the same issue, in the matter involving an action to recover under the Veterans' Emergency Housing Act, 50 U.S.C.A. Appendix, § 1821 et seq., in Adams v. Albany, D.C., 80 F.Supp. 876, 879, Judge Yankwich stated as follows: "None of the demands for damages under the group of forty-one statutory actions is in the amount of three thousand dollars. Absent the jurisdictional minimum, the claims must fail, for I do not find in the statute any words which confer jurisdiction on the federal court of this type of action irrespective of the amount involved. On the contrary, the statute gives to the federal courts concurrent jurisdiction with the state courts. And, in

providing that an action may be brought in the district court, it does not say that it may be instituted there *regardless of the amount of overpayment involved*. In this respect, the statute .does not differ from others in which the Congress, while establishing a right of action, does not, at the same time, confer jurisdiction on the District Court irrespective of the amount involved."

■ The plaintiff further contends that the words 'liquidated damages' as used in Section 205 hereinafter quoted, are being used in a penal sense, thereby ·giving this Court jurisdiction in the action. Section 205 of the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1895, provides in part as follows: "* * * Suit to recover such amount may be brought * * * Provided, That if the person * * fails to institute an action under this section within thirty days from the date of the occurrence of the violation * * * the United States may institute such action within such one-year period. * * * For the purpose of determining the amount of liquidatèd damages to be awarded to the plaintiff in an action brought under this section, all violations alleged in such action * * * shall be deemed to constitute one violation * * *."

This Court cannot disregard the clearly expressed intent of Congress in the use of the words "liquidated damages".

In Robertson v. Argus Hosiery Mills, 6 Cir., 1941, as reported in 121 F.2d 285, 286, which was an action for back wages under the Fair Labor Standards Act, 29 U. S.C.A. § 201 et seq., we find the appellant urging in part as follows: "That since the statute authorizes recovery by the employee of double the amount of minimum or overtime wages due in cases where the employer has violated the statute, the suit is one for enforcement of a penalty, and that jurisdiction is conferred upon the District Court under Title 28, § 41(9), (U.S.C., 28 U.S. C.A. § 41 [9] ), which gives such courts jurisdiction of all suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States." And wherein Judge Allen, speaking for the Court, answered the foregoing

contention as follows: "We are not in accord with this contention. The Fair Labor Standards Act, the pertinent provisions of which are printed in the margin, describes the additional equal amount for which the employer shall be liable as 'liquidated damages.' Under familiar principles of law the conception of penalty is thus excluded from the provision. We see no reason for delving beneath this unequivocal term in order to spell out a meaning at variance with the intent expressed."

An order shall be entered dismissing the plaintiff's bill of complaint for want of jurisdiction.