## FRASHER v. ESTES et al.
### No. 6384.

United States District Court
W. D. Missouri, W. D.

Jan. 9, 1951.

McClintock & Quant, Kansas City, Mo., for plaintiff.

James H. Bernard and Lombardi, Robertson, Fligg & McLean, all of Kansas City, Mo., for defendants.

RIDGE, District Judge.

Do the United States District Courts have jurisdiction over private suits alleging rent overcharges, under the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., regardless of the amount in controversy?

The literature on this subject is rather complete, though the proper result is in doubt. A full view of the problem, as it has so far developed, can be obtained by reading three cases: McCrae v. Johnson, D.C., 84 F.Supp. 220 (Judge Chesnut's opinion, elaborating on the reasoning in Fields v. Washington, 3 Cir., 173 F.2d 701); Adler v. Northern Hotel Co., 7 Cir., 175 F.2d 619 (especially Judge Duffy's concurrence and Judge Minton's dissent); and Albright v. Nelson, D.C., 87 F.Supp. 737. The latter opinion, by Judge Nordbye, upholds full federal jurisdiction, and is, for me, the best treatment of the subject.

Research indicates that the split between the Third and Seventh Circuits still exists, with no decisons from other Courts of Appeal. In later decisions, all six of the present members of the Seventh Circuit have lined up behind the Adler case majority, but this may well be on grounds of *stare decisis*. Judge Major wrote, without enthusiasm, "there may be room for argument as to the validity of our holding in (the Adler case, but) we are not convinced that it is erroneous * * *." Meyercheck v. Givens, 7 Cir., 180 F.2d 221, 223.

So far as the reported District Court decisions go, the score is at present 5–3 against full jurisdiction, in courts outside the areas controlled by appellate decisions. But in the Eighth Circuit, the score is 3–1 in favor of full jurisdiction, and Judge Nordbye's opinion, citing unreported decisions, increases the local plurality to 6–2. Aside from his opinion, the other reported Eighth Circuit cases are: in favor of full jurisdiction, Judge Delehant in Adams v. Backlund, D.C., 81 F.Supp. 643, and United States v. Bize, D.C., 86 F.Supp. 939, 943, and Judge Reeves in Kinsey v. Carney, D.C., 92 F.Supp. 967; against full jurisdiction, Judge Miller in Burns v. Bishop, D.C., 88 F.Supp. 1. Unreported decisions find Judge Vogel joining Judge Miller; and Judges Graven, Joyce and Hulen joining Judges Nordbye, Delehant and Reeves. In other Circuits, Judge Shelbourne (Ky.), Judge Goodman (Cal.) and Judge Thornton (Mich.) join our local minority. Hershenrader v. Campbell, D.C., 85 F.Supp. 75; Temmerman v. Scafidi, D.C., 88 F. Supp. 527; Aram v. Hazelwood Apt. Co., D.C., 89 F.Supp. 836. This close division among courts which have independently passed on the question indicates there is much to be said for either solution.

On first examination, the problem seemed to be one of almost classic difficulty, which would require a choice between equally onerous results. One, denying full jurisdiction, appeared to violate the Congressional intent in passing this statute, and to give effect to the apparently inadvertent omission of a vital section of the law. The other result, accepting jurisdiction, seemed to require flagrant judicial amendment of the statute, by adding a section to bring the law into line with what I believed to be the legislative intent. Fortunately, it now appears to me that I am able to carry out the intent of Congress without deviating from the traditional methods of statutory interpretation.

First, to explain why it is believed the Congressional intent was to give this Court full jurisdiction. It is unquestioned that in the original Act, there was an explicit provision giving State and Federal courts concurrent jurisdiction, without regard to the amount in controversy. Section 205(c), Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(c). It is equally

unquestioned that this provision was removed, when the 1947 Act was passed. Various purposes have been suggested by some judges, as the intent of Congress in thus, apparently, restoring the $3,000.00 minimum on suits based on federal law and brought in this Court. The general pre-requisite found in 28 U.S.C.A. § 1331. But the significant fact is that not a word appears in the legislative history to support these suggested purposes, or to show that Congress was aware that any change of law was proposed, in the respect under discussion. Even though finding that jurisdiction had been limited by the 1947 Act, Judge Chesnut noted this fact, and found it "surprising." McCrae v. Johnson, supra, 84 F.Supp. at page 224. Judge Duffy emphasized this remarkable silence, in Adler v. Northern Hotel Co., supra, 175 F.2d at page 622. It is almost inconceivable that, if Congress was aware of a proposed change having the practical effect of cancelling federal jurisdiction in these cases, such a change would have been enacted without a word of reported comment, even in committee.

What was the Congressional intent, then, in failing to re-enact the concurrent jurisdiction section of the 1942 Act? That is satisfactorily explained by Judge Duffy, on the ground that it was the first part of the section, referring to jurisdiction in criminal cases, which was intentionally omitted. Adler v. Northern Hotel Co., supra, 175 F.2d at page 622. If the omission of the second part of the section was considered at all, it would seem that Congress thought such omission would not change the existing law.

The remaining problem is to determine if the 1947 Act is aptly worded, so as to be consistent with my conclusion that Congress did not desire to change the pre-existing law, regarding concurrent jurisdiction. Here is the point of greatest difficulty. The courts denying jurisdiction have emphasized that the present authorization to bring suit "in any Federal, State, or Territorial court" is qualified and limited by the words "of competent jurisdiction". Section 205, Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1895. Of course we must give effect to every word and phrase used by Congress, if possible. But "competent jurisdiction" can refer to several things. It could mean that the generally applicable jurisdictional amount must be met. It could mean, however, simply that a plaintiff cannot sue originally in a Court of Appeals, in the Court of Claims, or in a court of improper venue. As Judge Nordbye pointed out, Albright v. Nelson, supra, 87 F.Supp. at page 739, this more limited meaning is the only one applicable in interpreting the same words in the next section of the Act. Section 206(b), 50 U.S.C.A.Appendix, § 1896(b) (authorizing the United States to seek an injunction). The same meaning makes sense in Section 205, as limiting the words "any Federal * * * court". I see no reason to give the words a broader meaning in Section 205 than they have in Section 206(b).

Though Congressional interpretation of previously enacted laws may not be entitled to conclusive weight, it is interesting and somewhat persuasive that a Senate Committee report, in 1949, stated that, "The district courts, concurrently with State and Territorial courts, are given jurisdiction of * * * proceedings under section 205 and subsection (b) of section 206 of the act * * *." U.S.Cong.Serv., 1949, p. 1159.

This is a court of competent jurisdiction, in the sense intended by Section 205. I believe it is our duty to accept jurisdiction in these cases, despite the fact that less than $3,000.00 is at issue.

This cause is re-set for pre-trial conference on Saturday, January 13, 1951, at 11:00 o'clock, A.M.