## DERBER v. MOBERLY et al.

### No. KC–145.

United States District Court
D. Kansas.

July 13, 1951.

William J. Burns, Independence, Kan., and Everett Fritz, Kansas City, Kan., for plaintiff.

James H. Barnes, Kansas City, Kan., for defendants.

MELLOTT, Chief Judge.

The issue, raised by a motion to dismiss, is whether this court has jurisdiction of an action instituted by a tenant under Section 205 of the Housing and Rent Act of 1947[1] to recover treble damages in an amount less than $3000 for alleged overcharges in rent.

The question has not been passed upon by the Supreme Court or the Court of Appeals for this (the Tenth) Circuit. The Court of Appeals for the Third Circuit approved dismissal for want of jurisdiction in Fields v. Washington.[2] The Court of Appeals for the Seventh Circuit took a contrary view in Adler v. Northern Hotel Co.,[3] Judge, now Mr. Justice Minton

1. 50 U.S.C.A. Appendix § 1895.

2. 173 F.2d 701.

3. 175 F.2d 619.

770

dissenting. The Court of Appeals for the Fifth Circuit appears to have followed the Adler case in a per curiam opinion in Garlin v. Currie,[4] one judge dissenting.

District Judges in circuits other than the Third, Fifth and Seventh have struggled with the problem. In the cases cited in Footnote [5], below, Fields v. Washington was followed. In those cited in Footnote 6, below, the majority decision in Adler v. Northern Hotel Co. was followed. One of the latest, decided by Judge Ridge of the Western District of Missouri, Frasher v. Estes,[6] pretty generally expresses the view of this court.

It would serve no useful purpose to extend this opinion by attempting to rationalize the conclusion reached. The court is of the view the motion to dismiss should be denied. Order so providing and allowing the defendants ten days in which to answer should be prepared by counsel for the plaintiff. Settle in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A. and this court's Rules of Practice.

1. Plaintiff, an honorably discharged veteran of World War I, was appointed to a position as Cost Analyst, CAF–11, in the War Department (Field) at the Jefferson-

---

4. 185 F.2d 401.

5. McCrae v. Johnson, D.C.Md., 84 F.Supp. 220; Hershenrader v. Campbell, D.C.W. D.Ky., 85 F.Supp. 75; Burns v. Bishop, D.C.W.D.Ark., 88 F.Supp. 1; Temmerman v. Scafidi, D.C.N.D.Cal., 88 F.Supp. 527; Aram v. Hazelwood Apartments Co., D.C.E.D.Mich., 89 F.Supp. 836.

6. Adams v. Backlund, D.C.Neb., 81 F. Supp. 643; Albright v. Nelson, D.C. Minn., 87 F.Supp. 737; Frasher v. Estes, D.C.W.D.Mo., 95 F.Supp. 74.