**HERSHENRADER v. CAMPBELL et al.**

Civ. No. 1674.

United States District Court
W. D. Kentucky, at Louisville.

July 12, 1949.

E. Paul Denunzio, Louisville, Ky., for plaintiff.

No attorney of record for defendant.

SHELBOURNE, Chief Judge.

This action was instituted by a tenant against his landlord alleging that between February 21st, 1948, and January 22nd, 1949, plaintiff paid to defendants as rent for a two-room furnished housing accommodation $701.25 in excess of the maximum legal rent applicable under the provisions of the Housing and Rent Act of 1947 and 1948, as amended, 50 U.S.C.A. Appendix, § 1881 et seq.

The defendants, tho' served with process May 12th, 1949, have not answered or otherwise plead.

Plaintiff has moved for default judgment, demanding $2103.75 (three times the excess rent), Attorney's fee and cost.

He is entitled to the judgment he seeks, under the present status of the action, provided this Court has jurisdiction.

In Fields v. Washington, 3 Cir., 173 F.2d 701, 702, a tenant sued the landlord for $672.00 (treble the amount of the alleged overcharge), Attorney's fees and costs, under the 1947 Housing and Rent Act, as amended.

The Court dismissed the action for lack of pecuniary jurisdiction.

Upon authority of that case and in the light of the reasoning in that opinion, it is obvious that this Court is without jurisdiction in the present case.

The jurisdiction given in Section 925(c) of Title 50 U.S.C.A.Appendix to District Courts "concurrently with State and Territorial courts, of all * * * proceedings under section 205" of the Emergency Price Control Act of 1942 was materially changed in the enactment of the 1947 Housing and Rent Act. In the latter, the jurisdictional grant reads, 50 U.S.C.A.Appendix, § 1895: "Suit to recover such amount may be brought in any Federal, State, or Territorial Court of competent jurisdiction * * *" "It follows" says the opinion in Fields v. Washington, supra, "that the competency of a Federal district court to entertain such a suit by a tenant must be based upon some other statutory grant of jurisdiction over the subject matter and the parties."

An opposite conclusion to that reached in Fields v. Washington is determined by the Court of Appeals of the Seventh Circuit in Adler v. Northern Hotel Company, 1949, 175 F.2d 619.

The intent of Congress is thought to be discernible when the language of the whole of Section 205 is "construed in conformity" with the dominating purpose of that body in enacting the highly remedial provisions of the Act.

The clear-cut analysis by the Court in Fields v. Washington of the jurisdictional grants in the Emergency Price Control Act of 1942 and in the Housing and Rent Act of 1947, indicates that Congress intended to limit the jurisdiction of District Federal

,Courts just as the language used indicates it has done.

This Court is without jurisdiction, and this action will be dismissed, without prejudice, however, to plaintiff's right to institute an action in a Court of "competent jurisdiction."