

Before PARKER, Chief Judge, SOPER, Circuit Judge, and TIMMERMAN, District Judge.

Freeman L. Martin, St. Louis, Mo., for appellant.

Frank W. Clegg, St. Louis, Mo., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

## WOODROUGH, Circuit Judge.

This action was brought in the federal district court in Missouri to recover money judgment in the sum of $23.10 with interest and costs claimed to be due the plaintiff from the defendant for rent of a "housing accommodation" in Saint Louis owned by himself and rented to and occupied by the defendant. It was alleged that by appropriate proceedings had pursuant to a "Landlord's Petition for Increase in Rent to Secure a Fair Net Operating Income" filed on June 30, 1949, in the Office of the Housing Expediter in St. Louis, the Housing Expediter duly issued an "Order Adjusting Maximum Rent" for said housing accommodations by the terms of which order the maximum rent for the accommodations was changed from $30.00 to $35.50 per month. It contained the provisions: "This Order issued October 24, 1949 and is effective June 30, 1949." The plaintiff alleged that defendant though requested refused to pay the increase in the amount of rental for the period between the date of June 30, 1949,

## JONES v. WALKER.

### No. 14169.

United States Court of Appeals
Eighth Circuit.

Nov. 7, 1950.

when the order by its terms became effective, and October 24, 1949, when it was entered by the Expediter, the items of increase during the interim period aggregating $23.10.

The defendant moved to dismiss the complaint for want of jurisdiction in that there was no sufficient amount involved nor diversity of citizenship and that the claim is based upon a mere permission [to the landlord to charge a higher rent] [1] granted by the housing expediter, which was not mandatory upon the court. The court sustained the motion and dismissed the complaint. The plaintiff appeals.

Opinion.

The contention of the plaintiff made in the trial court and reasserted here is that the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1895, or the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., or both together conferred jurisdiction of the action upon the federal district court, but we have found nothing in either of the Acts or both considered together which directly or by implication support the contention. It has been held (not without conflict of opinion) that the Acts do confer jurisdiction upon the federal district courts of actions involving less than $3,000 brought by tenants against their landlords for recovery of treble damages, Adler v. Northern Hotel Co., et al., 7 Cir., 175 F.2d 619, but we discover no provision of the Act which accords a right of action in a federal district court to the landlord to recover rent from the tenant on the ground that a Housing Expediter has found in proceedings for the purpose before him that the landlord was entitled to contract for a higher rent than the rent he was receiving at or before the proceedings were begun. Diligent and earnest counsel has submitted a long list of the decisions of the federal and state courts arising under the two Acts of Congress as well as the Acts and Amendments themselves which have been considered. But we find no disclosure of any intent on the part of Congress to confer jurisdiction on the federal district courts of

the claim for $23.10 upon which the landlord in this case seeks a money judgment against his tenant. The motion to dismiss was rightly sustained.

Affirmed.