**MEYERCHECK et al. v. GIVENS.**
No. 9897.

United States Court of Appeals
Seventh Circuit.
Feb. 8, 1950.

David H. Kraft, Chicago, Ill., Barney Padnos, Chicago, Ill., for appellant.

Irwin Panter, Chicago, Ill., Joseph L. Mack, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, FINNEGAN and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

Plaintiffs, eleven tenants, brought a joint action in a two-count complaint under Sec. 205(e) of the Emergency Price Control Act of 1942, Title 50 U.S.C.A.Appendix, § 925 (e), to recover separate damages against the defendant for alleged wilful rent overcharges, together with reasonable attorney fees, and for an injunction against the defendant restraining violations of the Rent Control Act. The court made findings of fact, including that the defendant "wilfully and knowingly demanded, accepted and received payments of rent in excess of the maximum rent prescribed under the said Act * * * and is still demanding, accepting and receiving such rentals." The court found separately the amount of rentals paid by each of the plaintiffs in excess of the maximum allowable rentals during the year immediately preceding the filing of the suit, and also as to six of the plaintiffs found the amount of rentals paid by each in excess of the maximum allowable rentals for a period prior to the one year period. The court also found that plaintiffs were entitled to an assessment of damages of one and one-half times the overcharges for the year immediately preceding the filing of the suit, assessed attorney fees in the sum of $400.00, and that plaintiffs were entitled to an injunction restraining the defendant in the manner requested. On January 19, 1949, judgment was entered in favor of the plaintiffs in accordance with such findings, from which judgment defendant appeals.

While both counts of the complaint are based upon the Act of 1942, it is evident that such Act is without application inasmuch as the Housing and Rent Act of 1947 as amended, 50 U.S.C.A.Appendix, § 1881 et seq., was in force when the suit was commenced. The case, however, was tried on the theory that the 1947 Act was applicable, and the court found that the overcharges were in violation of Sec. 205 of the latter Act, Title 50 U.S.C.A.Appendix, § 1895. Under the circumstances, we think we need not be concerned with the variance between the Act relied upon in the complaint and that recognized by the parties as being applicable and upon which the court made its decision.

The more important issues raised here are (1) that the proof is insufficient to support the court's findings as to overcharges, (2) that the court was without jurisdiction, (3) that there was a misjoinder of parties-plaintiffs, (4) that plaintiffs in any event were not entitled to recover for overcharges other than those made within one year prior to the commencement of the suit, and (5) that the court was without authority to issue a restraining order against the defendant.

No good purpose could be served in a narration of the testimony, either oral or documentary, upon which the court's findings are predicated. It is sufficient to note that we have examined it and are satisfied it furnishes ample support for such findings, including the finding that the defendant accepted and received payment of such overcharges wilfully and knowing that they were in excess of the allowable maximum rent.

The jurisdictional issue arises from defendant's contention that Congress by the Housing and Rent Act of 1947 did not confer jurisdiction upon federal courts to entertain suits of the instant nature. Defendant concedes that this question has been decided adversely to her contention by this court in Adler et al. v. Northern Hotel Co. et al., 175 F.2d 619. It is argued, however,

that this decision is incorrect and should be overruled, especially in view of the very forcible dissent by our former colleague, now Justice Minton. While there may be room for argument as to the validity of our holding in that case, we are not convinced that it is erroneous and we adhere to it.

■■ Defendant's contention relative to misjoinder of parties may also be disposed of in short order. A reading of Rule 20(a) and (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., makes it plain that a wide discretion is vested in the trial court relative to the joinder of parties, as well as separate trials, and Rule 21 provides, "Misjoinder of parties is not ground for dismissal of an action." But of more importance, no request was made of the court for separate trials by a motion or otherwise and no complaint was made as to misjoinder. The question is raised here for the first time. More than that, it is not discernible how the asserted misjoinder was prejudicial to the defendant.

■ This brings us to a question of law, that is, whether plaintiffs, or any of them, were entitled to recover damages for overcharges in rent received by the defendant prior to one year before the commencement of the suit. Sec. 205 of the Act of 1947, as did its counterpart in Sec. 205(e) of the 1942 Act, expressly limits the right of recovery to "within one year after the date of such violation." As already noted, the court found the amount of overcharges which six of the plaintiffs paid prior to this one year period. The total of these overcharges was $164.98, and this amount was included in the judgment rendered in favor of these six plaintiffs.

Plaintiffs' theory as to their right to recover such overcharges is not readily discernible. They were specified in the second count of the complaint, and as to this count counsel for plaintiffs in the court below stated it is "the common count for moneys collected in the period preceding one year prior to the filing of the suit." We suppose that this means that the action was for money had and received by reason of the alleged overcharges. Plaintiffs cite Co-efficient Foundation, Inc., et al. v. Woods, Housing Expediter, 5 Cir., 171 F.2d 691, and Woods v. Richman et al., 9 Cir., 174 F.2d 614, in support of their right to recover these pre-one year overcharges. Neither of said cases, however, affords any support for plaintiffs' theory and we know of no case which does. Both of the cases relied upon were brought by the Housing Expediter under Sec. 205(a) of the 1942 Act and the proceedings were in equity. Under the words "other order" contained in that section it has been held that an order directing restitution of illegal rents could be entered. Porter, Price Administrator v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332. Thus, in an equitable action brought under such section by the Expediter the limitation period is not applicable.

Thus the statement in the Co-efficient case upon which plaintiffs rely is of no benefit to their theory. There, the court, 171 F.2d 696, stated:

"The period of limitations provided by 205(e) could have been invoked only as to the recovery sought under that subsection. There is no period of limitation prescribed by subsection (a) and the limitation set up in 205(e) cannot be made applicable to the equitable action under subsection (a) unless in such equitable action under (a) it was sought to enforce some purely legal right."

There is no provision either in the 1947 or the 1942 Act by which tenants are authorized to bring suits for restitution. The remedy provided, and the sole remedy, is an action for damages, but their right of recovery is limited to overcharges made "within one year after the date of such violation." For overcharges made prior to this one year period, the Act provides no remedy for the tenant and as to such overcharges there can, in our view, be no recovery.

■ A closely related question is whether the court is empowered to issue an injunction or restraining order in a suit of the instant nature. No place in the Act is the court thus empowered at the suit of a

tenant. Sec. 206(b), 50 U.S.C.A.Appendix, § 1896(b), provides: "Whenever in the judgment of the Housing Expediter any person has engaged or is about to engage in any act or practice which constitutes or will constitute a violation of any provision of this title, he may make application * * * for an order enjoining such act or practice, * * * and upon a showing by the Housing Expediter that such person has engaged or is about to engage in any such act or practice, a permanent or temporary injunction, restraining order, or other order shall be granted without bond." 62 Stat. 98. The wording of this section relative to the authority of the Housing Expediter to press for an injunction is almost identical with Sec. 205(a) of the Act of 1942.

Thus it appears there is nothing in the Act which authorizes the issuance of an injunction in the instant situation. Of course, it may be suggested that the court has the inherent power, irrespective of the provisions of the Act, but again we point out that this is an action by private parties for damages. Furthermore, plaintiffs in their complaint pray for an injunction in accordance with the Act, and it is apparent that the injunction was allowed on the theory that the court was empowered by the Act to so do. We think this was erroneous.

In view of what we have said, plaintiffs are each entitled to a judgment based upon the amount of overcharges paid by them and received by defendant during the period of one year prior to the date of the commencement of the suit, together with reasonable attorney fees and costs. They are not entitled to recover for the amount of overcharges paid by them and received by the defendant prior to such one year period, and we are of the view that the injunction was improvidently allowed under the circumstances presented.

The cause is, therefore, reversed and remanded at defendant's cost, with directions that the judgment be vacated and that another be entered in an amount calculated in accordance with the views herein expressed, and, further, that the injunction be omitted from such judgment.