## KINSEY v. CARNEY.
### No. 6497.

United States District Court
W. D. Missouri, W. D.

Sept. 2, 1950.

968

John R. Clark, Doyle D. Bonewits, Kansas City, Mo., for plaintiff.

Roger Barbieri, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Dismissal is here sought because, it is alleged, this court is without jurisdiction. The amount in controversy is below $3,000, and under a general statute conferring jurisdiction this would be fatal.

Counsel is of the opinion that subsection (e) of section 925, Title 50 U.S.Code Annotated Appendix did not confer jurisdiction on the federal courts where the amount involved was less than $3,000 The words "competent jurisdiction" used in the subsection presupposed compliance with the general jurisdictional statute is the apparent view or construction put upon the section by counsel.

1. The statute under consideration was enacted as a war measure and relates to war and the National Defense. The congress under Section 8 of Article I of the constitution has the power to declare war and raise and support armies as a provision for the National Defense as stated in the preamble to the Constitution.

The last paragraph of the same section confers upon the congress the power, "To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers".

Under these provisions as a war and national defense measure the congress could create emergency tribunals to try cases of this kind and could confer upon the state and territorial courts jurisdiction to adjudicate them. It would follow logically that it could grant the jurisdiction to the federal courts.

■ 2. Counsel relies on the case of Fields v. Washington, 173 F.2d 701, where the 3rd Circuit reasoned and held precisely as contended by able counsel. Several District Judges have followed this decision.

However, in Adler v. Northern Hotel Co., 175 F.2d 619, the 7th Circuit in a well reasoned opinion declined to follow the 3rd Circuit and adhered to its ruling in Meyercheck v. Givens, 180 F.2d 221, and again in West v. Schwarz, 182 F.2d 721.

The better reasoning supports the views of the 7th Circuit and since the 8th Circuit or the Supreme Court has not expressed a contrary view this court should follow rulings made when the statute was first challenged. In United States v. Bize, D.C., 86 F.Supp. 939, 943, able Judge Delehant while distinguishing the Fields case said: "Shortly stated, this court disagrees with the reasoning in the Fields case and those which have followed its lead."

Judge Delehant adhered to the views expressed by him in Adams v. Backlund, D.C., 81 F.Supp. 643.

■ 3. Plaintiff has sued for claimed overcharges for a period of thirty months. The Statute creating the liability limits the right to recover overcharges for one year only preceding the filing of the suit. At the trial no recovery will be permitted for a longer period if it be made to appear that there was an overcharge. See the statute and Meyercheck v. Givens, 7 Cir., 180 F.2d 221.

The motion to dismiss will be overruled.