## MEYERCHECK v. GIVENS.

### No. 10186.

United States Court of Appeals, Seventh Circuit.

Heard Nov. 10, 1950.

Decided Dec. 20, 1950.

Morris A. Haft, Chicago, Ill., for appellant.

Joseph L. Mack, Irwin Panter, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from a judgment, entered April 12, 1950, pursuant to the mandate of this court following our decision in Meyercheck v. Givens, 180 F.2d 221. The action was to recover damages against the defendant for alleged wilful rent overcharges, together with reasonable attorney fees (and for other relief not here material), under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. In the original hearing, the court found separately the amount paid by each of the plaintiffs in excess of the maximum allowable rentals during the year immediately preceding the filing of the suit, and that the defendant "wilfully and knowingly demanded, accepted and received payments of rent in excess of the maximum rent prescribed under the said Act * * *." This court on appeal held that such findings were amply supported by the record and among other things stated, 180 F.2d at page 224, "In view of what we have said, plaintiffs are each entitled to a judgment based upon the amount of overcharges paid by them and received by defendant during the period of one year prior to the date of the commencement of the suit, together with reasonable attorney fees and costs," and "The cause is, therefore, reversed and remanded at defendant's cost, with directions that the judgment be vacated and that another be entered in an amount calculated in accordance with the views herein expressed * * *."

Upon motion by counsel for plaintiffs, the court entered the judgment under attack in favor of each of the plaintiffs for treble the amount of the overpayments originally found to have been wilfully and knowingly accepted and received by defendant, and also allowed plaintiffs attorney fees in the sum of $400.00, being the same amount which it had previously allowed.

■ No authority need be cited for the proposition that the District Court was obligated to enter a judgment in accordance with our mandate, and that is precisely what the court did. Defendant, however, makes the point that the judgment in favor of each of the plaintiffs should have been only for the amount of the overcharge rather than three times such amount. This argument rests upon the statement in our opinion that the plaintiffs are each "entitled to a judgment based upon the amount of overcharges paid by them". Of course, we did not say, nor was there any occasion for us to say, that plaintiffs were entitled to treble damages, because the statute, Sec. 1895, specifically so provides. With a finding that the overcharges were wilfully and knowingly accepted by the defendant, it was compulsory on the District Court to allow treble damages, and this court would have been without authority to have directed otherwise. See Small v. Schultz, 7 Cir., 173 F.2d 940. Therefore, the judgment for treble damages "based upon the amount of overcharges" was required.

■ The numerous attacks which defendant makes upon the judgment may be, we think, disposed of without extended discussion. It is argued that the judgment must be reversed for failure of the court to make findings of fact, as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. None of the cases cited by defendant are in point. No

case, so far as we are aware, has held that this rule has application under the instant circumstances. The District Court had previously made findings of fact which had been approved by this court and nothing remained for the District Court except to enter a judgment in accordance with our mandate.

 It is also argued, without merit so we think, that the court erred in refusing to allow the defendant to file a counterclaim under Rule 13(a) against Peter Meyercheck (one of the plaintiffs) in the amount of $561.00. No pleading in the form of a counterclaim is shown in the record and it appears none was presented. All that is shown is a colloquy between court and counsel by which the latter expressed the desire to file a counterclaim. Thus, in the absence of a pleading disclosing the nature of the proposed counterclaim, there is nothing for us to review. More than that, the only matter before the court was compliance with the mandate and we doubt if the defendant was entitled to file a counterclaim at that stage of the proceeding. Rule 13(a) on compulsory counterclaims provides "that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action", and the record discloses that at the time the filing of a counterclaim was proposed, the defendant had pending in the Municipal Court of Chicago an action for the same grievance.

Defendant also offered in evidence an exhibit by which P. M. Murdock (one of the plaintiffs) purported to release the defendant from liability. Counsel for plaintiffs contends that this so-called release was fraudulently obtained. Murdock was called as a witness and his testimony so indicates. However, that issue was not properly before the court and was properly rejected. Whether a valid release might be used by the defendant in satisfaction of the judgment presents a question not before us and concerning which we express no opinion.

Defendant also attempts to point out that there were certain miscalculations in the amount of overcharges as originally found. This argument is merely a reiteration of what was previously made in this court and rejected. We find no occasion to further consider the factual situation. Other questions are argued which we have examined and find without merit.

The court in the original as well as in the instant judgment allowed counsel for plaintiffs attorney fees in the sum of $400.00. In the instant proceeding counsel requested the court to increase that allowance, which the court refused to do, purportedly on the theory that any increased allowance should be made by this court. Both parties concede and we agree that we have such authority. We therefore allow attorneys for plaintiffs a fee in the sum of $200.00, in addition to that which the District Court has allowed and which is included in its judgment.

The judgment appealed from is affirmed.