**CURRIE v. FLACK.**

No. 4564.

United States Court of Appeals
First Circuit.

June 21, 1951.

Edward W. Brooke, Roxbury, Mass. (Harry J. Elam, Allan Green and Leonard Rose, Boston, Mass., with him on the brief), for appellant.

John F. Finnerty, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

A tenant filed his complaint in the court below under § 205 of the Housing and Rent Act of 1947, as amended, 61 Stat. 199, 63 Stat. 27, 50 U.S.C.A.Appendix, § 1895, seeking to recover from the landlord reasonable attorney's fees and costs plus liquidated damages in the amount of $345, being three times the amount of alleged overcharges for the period October 15, 1948, to March 15, 1949. It having been stipulated by the parties that the amount in controversy did not exceed $3,000, the district court, after hearing argument on defendant's motion to dismiss, entered judgment dismissing the complaint for lack of jurisdiction. We think the district court did right.

Section 205 of the Housing and Rent Act of 1947 provided, 61 Stat. 199: "Sec. 205. Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: *Provided,* That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation. * * * *"

For present purposes, the important sen-

tence in § 205 is: "Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation." Appellant says that this constitutes a grant of jurisdiction in all § 205 proceedings to those federal courts of first instance which, in keeping with their normal business, would most appropriately try cases of this sort; that is, not the Court of Claims, or the Tax Court of the United States, but the federal district courts. But we think the quoted sentence is clearly not a general grant of jurisdiction to any particular courts, whether federal, state, or territorial. Reference must be had to other provisions of law, to be found elsewhere, vesting jurisdiction in the particular court in this class of cases. Thus, if the tenant should bring suit for liquidated damages in some state court, the suit could not be maintained unless a state law conferred upon such court jurisdiction to entertain a suit for damages in the amount demanded in the complaint. We take it this would not be questioned. Cf. Mondou v. New York, New Haven & Hartford R. Co., 1912, 223 U.S. 1, 55–57, 32 S.Ct. 169, 56 L.Ed. 327; Testa v. Katt, 1947, 330 U.S. 386, 394, 67 S.Ct. 810, 91 L.Ed. 967. Likewise, if the tenant should sue in some federal court, say a federal district court: jurisdiction and venue to entertain such complaint would have to be found in some other provision of law outside of § 205.

■ No doubt Congress has power to vest in the federal district courts original jurisdiction over all complaints founded on an Act of Congress, irrespective of the amount in controversy. As a matter of policy, Congress has not seen fit to do so. The general provision is found in 28 U.S.C. § 1331 giving original jurisdiction to the district courts "of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States." In cases arising under certain Acts of Congress, but not the Housing and Rent Act of 1947, a general grant of original jurisdiction is given to the district courts irrespective of the amount in controversy, for examples, 28 U.S.C. §§ 1334, 1337, 1338, 1339, 1340, 1343, 1352, 1355,[1] 1357.

It is quite true that the cases will be infrequent in which a tenant may maintain in a federal district court an action for liquidated damages under § 205 of the Housing and Rent Act if, as we hold, the amount in controversy must exceed $3,000, exclusive of interest and costs. In harmony with the general policy of Congress expressed in 28 U.S.C. § 1331, most of the suits by tenants, involving as they do small amounts of money, will be excluded from the federal courts. But in the exceptional case under this Act of Congress, where the tenant has a claim exceeding $3,000 in amount, it may be prosecuted in a federal district court under 28 U.S.C. § 1331; it is a sizable enough case to be deemed appropriate for cognizance in the federal courts. In this, there is nothing incongruous. We do not have a situation where a court might be tempted to do a bit of statutory face-lifting or some surgical or grafting operation upon the language of the statute, in the guise of statutory interpretation, to avoid an absurd result which Congress could not conceivably have intended.

Section 205 of the 1947 Act was amended by the Housing and Rent Act of 1949,

---

1. 28 U.S.C. § 1355 provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." Appellant quite properly does not rely upon this section. The tenant's action for damages by way of compensation for the injury suffered by him individually is not a proceeding for the recovery of a "penalty" within the meaning of 28 U.S.C. § 1355. Fields v. Washington, 3 Cir., 1949, 173 F.2d 701, 703. If it were so regarded, then consistently with § 1355, the federal district courts would have jurisdiction exclusive of the courts of the states. But under § 205 of the Housing and Rent Act, the tenant may sue "in any Federal, State, or Territorial court of competent jurisdiction".

63 Stat. 27, so as to provide that if the tenant upon whom the overcharges had been imposed fails to institute an action for liquidated damages under the said section within thirty days from the date of the occurrence of the violation, "the United States may institute such action within such one-year period." Appellant cites a portion of a sentence from the report of the Senate Committee on H.R. 1731, which ultimately became the Housing and Rent Act of 1949. This report by the Senate Committee on Banking and Currency, Sen. Rep.No.127, March 17, 1949, found in 2 U.S.Cong.Serv., 81st Cong., 1st Sess., 1140 (1949), contained the statement (at 1159): "The district courts, concurrently with State and Territorial courts, are given jurisdiction of other proceedings under section 205 and subsection (b) of section 206 of the act; * * *." This, says appellant, is an express indication in 1949 of the belief of the 81st Congress that the preceding Congress, in the general language of § 205 of the Housing and Rent Act of 1947, had already given jurisdiction to the federal district courts in all cases instituted by tenants, irrespective of the amount in controversy. Even if this were true, it perhaps would not be of great significance in the interpretation of language in the 1947 Act. But the fact is that the quoted expression from this Sen.Rep.No.127 was not a statement by the committee of its understanding of the 1947 Act, but was rather part of an explanation of amendments which the committee had offered to H.R. 1731 after it had passed the House. The committee report points out that it proposed to add a new subsection (c) to § 206 of the Housing and Rent Act of 1947, making it a crime willfully to violate any provision of the Act or of a regulation or order thereunder. Continuing, the report paraphrases its proposed new subsection (d) to § 206 providing that the federal district courts shall have jurisdiction of criminal proceedings brought under the new subsection (c) and that, concurrently with state and territorial courts, the federal district courts shall have jurisdiction of all other proceedings under § 205 and § 206(b), the latter being the provision for suits for injunctions to be brought by the Housing Expediter in the name of the United States.

If § 206(d) as proposed by the Senate Committee had been enacted into law, it would have constituted a general grant of jurisdiction to the federal district courts of all the proceedings by tenants under § 205 regardless of the amount in controversy. But on the Senate floor the committee's proposed new § 206(c) imposing criminal penalties and its proposed new § 206(d) were stricken out, and in place thereof a differently worded subsection (c) was inserted by amendment. 95 Cong.Rec. 3014, 3018. This amended subsection (c) remained in the bill as it was finally passed in the Senate (95 Cong.Rec. 3033) and read in part as follows: "(c) The district courts shall have jurisdiction, concurrently with State and Territorial courts, of all proceedings under section 205 and subsection (b) of this section. Such proceedings may be brought in any district in which any part of any act or transaction constituting the violation occurred or may be brought in the district in which the defendant resides or transacts business, and process in such case may be served in any district wherein the defendant resides or transacts business or wherever the defendant may be found." Again, if this Senate-approved subsection (c) had been enacted into law, it would have constituted a general grant of jurisdiction to the federal district courts in all proceedings instituted by tenants under § 205, regardless of the amount in controversy. But the bill went to conference of the two Houses; and the committee of conference agreed upon a rephrasing of subsection (c), and as thus rephrased the subsection was enacted into law, reading in pertinent part as follows: "(c) Any proceeding brought in a Federal court under section 205 or under subsection (b) of this section may be brought in any district in which any part of any act or transaction constituting the violation occurred, or may be brought in the district in which the defendant resides or transacts business, and process in such case may be served in any district wherein the defendant resides or transacts business or wherever the defendant may be found."

The conference report makes no explanation of why this change was made in the proposed § 206(c) as it passed the Senate. See 2 U.S.Cong.Serv., 81st Cong., 1st Sess., 1161 (1949). But what happened is significant: A subsection (c) which, as it passed the Senate, contained an express grant of jurisdiction to federal district courts in all proceedings under § 205, was amended so as to excise the grant of jurisdiction, and merely to regulate the venue in any proceeding brought in a federal court under § 205 or § 206(b). This venue provision is not superfluous, even though with the $3,000 jurisdictional requirement no cases, or at least very few cases, could be brought in a federal court by tenants under § 205, because as amended in 1949 § 205 authorized suit in the name of the United States for treble damages where the tenant fails to institute a proceeding within thirty days after the violation. And, of course, such a suit by the United States could be maintained in a federal district court under the existing jurisdictional grant in 28 U.S.C. § 1345, giving original jurisdiction to the district courts "of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." Also, under § 1345, jurisdiction is given to the district courts of suits by the United States under § 206(b) for an injunction against the landlord.

What we gather from this 1949 legislative history is quite the contrary to what appellant urges. We think it appears that Congress understood well enough how to phrase an express grant of general jurisdiction to the federal district courts in all cases arising under § 205, and so provided in the bill as it passed the Senate, but struck such provision out in the final enactment of the law. It would be gratuitous to assume that the change was inadvertent.

The argument might be made that it would be odd if Congress did not intend to open the federal courts to all suits by tenants under § 205, having in mind that Congress, by the 1949 amendment, authorized suit by the United States for treble damages in all cases where the tenant fails promptly to sue, and such suits when brought by the United States as substituted plaintiff admittedly may be brought in the federal district courts under 28 U.S.C. § 1345, without regard to the amount in controversy. But it is not irrational to exclude from the federal courts such petty suits for damages by thousands of tenants, who may or may not accurately understand their rights under the rent regulation, while at the same time giving jurisdiction to the federal courts of all suits by the United States under § 205, suits presumably carefully screened by the Housing Expediter, and usually accompanied by a prayer for an injunction under § 206(b). The general policy of Congress as expressed in 28 U.S. C. § 1345 is that the United States as plaintiff should always have access to its own courts.

If consideration were confined to the text of the Housing and Rent Act of 1947 and the 1949 amendments, appellant would be hard put to it to advance even a plausible argument for his construction of the Act. But appellant points out that in respect of rent control the Housing and Rent Act of 1947 superseded the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq. He says then that the two Acts are *in pari materia,* and that § 205 of the Housing and Rent Act should be given an interpretation in harmony with the jurisdictional policy decision by Congress, clearly expressed in the provisions of the Emergency Price Control Act of 1942, and adhered to throughout the various renewals of that Act until its final termination on June 30, 1947. That policy was that individuals aggrieved by overcharges, who by § 205(e) of the Price Control Act, 56 Stat. 34, were given the right to recover damages therefor "in any court of competent jurisdiction," were given the choice of a federal or state forum without regard to the amount in controversy. The language in § 205(e) of the Price Control Act, "may be brought in any court of competent jurisdiction," like the similar language in § 205 of the Housing and Rent Act, was not in itself a grant of general jurisdiction to any particular court, for the reason that we have explained above.

But § 205(c) of the Price Control Act, 56 Stat. 33, did contain a general grant of jurisdiction: "The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act." That included injunction proceedings brought by the Price Administrator under § 205(b), and suits under § 205(e) for treble damages, in whatever amount and whether brought by the aggrieved individual or in certain instances by the Price Administrator. Congress omitted a comparable jurisdictional grant in enacting the Housing and Rent Act of 1947. As we have previously indicated, the Senate in 1949 wrote such a general jurisdictional grant into the amending bill of that year, in language quite similar to § 205(c) of the Price Control Act, but the provision was taken out in conference, and the Housing and Rent Act of 1949 was passed without it.

Why Congress did what it did is not made clear in the legislative history. It may be that the omission of the general jurisdictional grant was an intended departure from the pattern of the Emergency Price Control Act of 1942. The above-recited history of the 1949 amendments indeed tends to support this assumption. Certainly in drafting the Housing and Rent Act, Congress was not content to follow slavishly all the major rent control provisions of the earlier Act. Thus, for instance, it omitted the provision for criminal penalties, and it did so deliberately—that we do know.

But suppose that Congress omitted the general jurisdictional grant inadvertently, not meaning thereby to curtail the broad jurisdiction over damage suits by tenants which had theretofore, in the Price Control Act, been vested in the federal district courts. And suppose that Congress, if its attention had been focused on the matter, would perhaps have chosen to adhere to the jurisdictional policy of the Price Control Act. This is pure speculation, of course. But even so, under the circumstances it still would be an undue stretching of our interpretative function to supply a jurisdictional grant expressed in the Price Control Act, and omitted from the Act which superseded it, especially where a reading of the language of the latter Act in its plain and natural sense produces a result neither absurd nor irrational.

The conclusion we have reached is in accord with Fields v. Washington, 3 Cir., 1949, 173 F.2d 701, opinion by Judge Maris; with the dissenting opinion by Judge Minton in Adler v. Northern Hotel Co., 7 Cir., 1949, 175 F.2d 619, 622; and with the opinion by Judge Chesnut in McCrae v. Johnson, D.C.D.Md.1949, 84 F.Supp. 220. We have elaborated a bit but perhaps have not added a great deal to what these earlier opinions have persuasively said. The contrary view is found in the majority opinion in Adler v. Northern Hotel Co., supra, which commended itself to a majority of the Fifth Circuit in Garlin v. Currie, 1950, 185 F.2d 401, and Preston v. Leto, 1951, 185 F.2d 1022; and in the opinion of Judge Nordbye in Albright v. Nelson, D.C.D.Minn.1949, 87 F.Supp. 737. We have had to choose between conflicting views in the courts of appeals. It seems to us that that of the Third Circuit is supported by the better reason.

The judgment of the District Court is affirmed.