**HARDING v. PARKER et al.**
**Civ. No. 2042.**

United States District Court
D. Minnesota, Third Division.

Jan. 16, 1952.

W. J. Giberson, St. Paul, Minn., for plaintiff.

James McCollister, St. Paul, Minn., for defendants.

DONOVAN, District Judge.

This is an action brought by a tenant alleging a rental overcharge for the period from October 8, 1948, to February 1, 1951. Plaintiff seeks restitution, treble damages and reasonable attorney's fees and costs.

The evidence discloses that prior to October 8, 1948, plaintiff entered into an oral agreement with defendant's agent to pay Fifty ($50.00) Dollars per month for Apartment "G", a basement apartment in an apartment building at 164 Grand Avenue, St. Paul, Minnesota. It is undisputed that the maximum rent for the apartment, as established by the Office of the Housing Expediter in St. Paul, for the period of the alleged overcharge, was the amount of Forty-six ($46.00) Dollars per month.

Defendants admit that they collected rent from the plaintiff for the above apartment at the rate of Fifty ($50.00) Dollars per month for the entire period. Defendants contend, and the evidence supports their contention, that the accommodations actually furnished to the plaintiff under the

oral lease were greater than that observed by the representative of the Office of the Housing Expediter at the time the aforesaid maximum rent was established. The increased accommodations consisted of the relinquishing of an easement through a hallway of plaintiff's apartment which had, during the previous tenancy, been used by the custodian as a passageway to a storeroom adjoining plaintiff's apartment. Plaintiff was also allowed exclusive use of the storeroom, although a few unused house fixtures belonging to defendants were never removed from the room.

The testimony was in conflict as to whether plaintiff was informed by defendants that he was paying more than the established maximum rent at the time he entered into the occupancy of the apartment. I am of the opinion that plaintiff either knew or had reason to know of the established maximum rent. The matter of awarding or denying restitution in whole or in part is left under the law to the sound discretion of the District Courts.[1] Restitution will therefore be denied.

Defendants have not proved that the "violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."[2] They were aware of the fact that they were charging more than the established rent. If they felt that the additional accommodations warranted an increased rental, it was their obligation to have such increase authorized by the Office of the Housing Expediter before it was demanded or collected.

Although plaintiff admits that he learned of the violation on or about March 1, 1951, it was May 16, 1951, before this action was instituted. The cause of action herein is not known at common law. Therefore any right of the plaintiff must arise out of the statute. The time limitation is a matter of substance limiting right as well as remedy, and the right of recovery is limited to overcharges made "within one year

1. United States v. Ziomek, 8 Cir., 191 F. 2d 818, 822.

2. Section 205, Housing and Rent Act of 1947, as amended. 50 U.S.C.A.Appendix, § 1895.

after the date of [such] violation."[3] There can therefore be no recovery of damages other than for the period from May 16, 1950, to February 1, 1951. For that period the plaintiff will be allowed damages in the sum of three times the amount accepted by the defendants above the established maximum rent.

Plaintiff will also be allowed attorney's fees of Fifty ($50.00) Dollars and court costs.

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Defendants may have an exception.

3. § 205. Housing and Rent Act, supra; Meyercheck v. Givens, 7 Cir., 180 F.2d 221; Kinsey v. Carney, D.C., W.D.Mo., 92 F.Supp. 967; Berry v. Heller, D.C., E.D.Pa., 79 F.Supp. 476.