### REEMSEN et al. v. STONE et al.
### No. 10594.

United States Court of Appeals
Seventh Circuit.

Dec. 15, 1952.

Rehearing Denied Jan. 6, 1953.

Herbert M. Wetzel, Chicago, Ill., Stephen Sira and A. M. Horwitz, Chicago, Ill., of counsel, for appellants.

Bernard Kurlan and Zeamore A. Ader, Chicago, Ill., for appellees.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

PER CURIAM.

This appeal is prosecuted from a summary judgment in a civil action for $1,200, that being three times the amount of wilful rent overcharges for an apartment in the city of Chicago. The action was brought by plaintiffs as tenants against defendants-landlords under § 205 of the Housing and Rent Act of 1947 as amended, 50 U.S.C.A. Appendix, § 1895.

The action was filed on September 8, 1950. The facts are not in dispute. The maximum rent for the apartment was $10 per week. No claim was made by defendants that the Housing Expediter or the United States had instituted an action to recover the damages here involved, and no point was raised as to the wilfulness of the overcharge, nor as to the amount due plaintiffs. The court found that defendants, with knowledge of the maximum rental, wilfully demanded and received from plain-

tiffs $20 per week for a period of 40 weeks from September 8, 1949 to June 10, 1950.

On this appeal, we think the only question we need to discuss is whether the District Court lacked jurisdiction because the action was "not brought in the name of the Housing Expediter for and in behalf of the United States or in the name of the United States for the use of the plaintiffs."

Defendants contend that plaintiffs' action is for a penalty, and that such an action brought in the name of plaintiffs as private individuals circumvented the powers and duties of the Housing Expediter and conferred no jurisdiction upon the District Court under the Housing and Rent Act. With this contention we cannot agree.

 An action under the Act is not an action for the recovery of a penalty, United States v. Gianoulis, 3 Cir., 183 F.2d 378; Currie v. Flack, 1 Cir., 190 F.2d 549; and Schuman v. Greenberg, D.C., 100 F.Supp. 187.

Section 205(a) of the Act provides in part that "Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act * * *, shall be liable to the person from whom such payment is demanded, accepted, received, or retained * * *." And subsection (c) provides that "Suit to recover liquidated damages as provided in this section may be brought * * * within one year after the date of violation: *Provided,* That if the person from whom such payment is demanded, accepted, received, or retained * * *, either fails to institute an action under this section within thirty days from the date of the occurrence of the violation * * *, the United States * * * within one year after the date of violation may institute such action."

Under the Act as it existed prior to the 1949 amendment, the tenant was the only party authorized to bring an action against an overcharging landlord, 61 Stat. 199, Title II § 205. By the amendment of 1949, the United States was authorized to bring an action against the landlord if the tenant did not bring such an action within thirty days of its accrual, and while it gave an election to the United States to sue if the tenant did not bring such an action, the amendment did not destroy the right of the tenant to bring the action in his own name —it merely provided additional machinery for the enforcement of the Act, and since the statute expressly provides that the liability is to the tenant, it is clear that the tenant may bring the action. We have sustained jurisdiction in treble damage suits by private persons. Adler v. Northern Hotel Co., 7 Cir., 175 F.2d 619; Meyercheck v. Givens, 7 Cir., 180 F.2d 221, Id., 7 Cir., 186 F.2d 85; and West v. Schwarz, 7 Cir., 182 F.2d 721.

Affirmed.

Judge KERNER participated in the hearing, consideration and decision of this case but died prior to the announcement of this opinion.