### ISAACS v. HAYS.

Court of Appeals of Kentucky.

Feb. 6, 1953.

Edward T. Ewen, Jr., Louisville, for appellant.

Julius Leibson and Louis Brownstein, Louisville, for appellee.

COMBS, Justice.

This action was filed by William Hays against his former landlord, W. O. Isaacs, under the Federal Housing and Rental Act of 1947, as amended, for treble the amount allegedly paid by Hays as rent in excess of the ceiling price. 50 U.S.C.A.Appendix, § 1881 et seq. He recovered judgment in the amount of $681.75 and the landlord appeals.

The amount of the overcharge is definitely established as $227.25 over a period of nine months, and most of defendant's argument is directed against the treble damages phase of the judgment. The excess payments having been established, it was incumbent upon the defendant, in order to avoid the penalty judgment, to show that the violation was neither willful nor the result of failure to take practicable precautions against violations. Section 205 of the Housing and Rental Act; Adams v. Backlund, D.C., 81 F.Supp. 643, McRae v. Creedon, 10 Cir., 162 F.2d 989. In this case that was a question of fact for the jury and the jury decided against the defendant.

We find no substance in the argument that the verdict is flagrantly against the evidence, or that the overcharge represented liquidated damages for holding over

rather than rent for the premises. It appears that the landlord's real complaint is against the law itself rather than against the application of the law.

Some criticism is made of the argument to the jury by plaintiff's counsel. Admittedly some of his remarks were improper, but the court sustained an objection to the remarks and admonished the jury to disregard them. We think the admonition cured the error. Defendant's counsel apparently thought so too, as no motion was made to discharge the jury.

The judgment is affirmed.